TOWNSHIP OF LAKEWOOD, PLAINTIFF-RESPONDENT, v.
BLOCK 251, PARCEL 34, LOTS 3359 TO 3370 INCL. &c.

EDWARD M. ROTHSTEIN, DEFENDANT-APPELLANT,

Superior Court of New Jersey
Appellate Division

Argued January 13, 1958—Decided February 7, 1958.

582

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Edward M. Rothstein,* attorney, argued the cause *pro se.*

*Mr. Joseph M. Lynch* argued the cause for plaintiff-respondent (*Mr. Albert Spitzer,* attorney).

The opinion of the court was delivered by
FREUND, J. A. D. Defendant Edward M. Rothstein appeals from an order of the Superior Court, Chancery Division, denying his motion to declare void a final tax foreclosure judgment and permit him to redeem, and granting plaintiff permission to amend the judgment by adding a description of the premises involved. The case is before

us on an agreed statement in lieu of record. *R. R.* 1:6–2; *R. R.* 2:6.

The premises were owned prior to September 16, 1925 by Lakewood Pines Development Co. On that date the lands were conveyed to the Pines Development Corporation, but the property remained assessed in the name of the grantor. On September 19, 1956 plaintiff township filed its complaint under the *In Rem* Tax Foreclosure Act, *N. J. S. A.* 54:5–104.29 *et seq.,* to foreclose its three tax sale certificates covering the premises and recorded in the county clerk's office on the previous July 31. The cause proceeded to final judgment on December 14, 1956. On November 14, 1956, just less than two months after the filing of the complaint and one month prior to the entry of final judgment, defendant Rothstein, an attorney and counsellor at law of this State, acquired title to the premises by deed from the record owner of the property, the Pines Development Corporation. Plaintiff advertised the premises for public sale to be held on May 16, 1957 at 8 P. M. Rothstein had no actual knowledge of the foreclosure proceedings until May 15, 1957, one day before the advertised sale, when he unsuccessfully sought to redeem the premises. He admitted at the oral argument that a tax search before acquisition of the title would have disclosed the unpaid taxes, and led to information that the tax sale certificates were held by the township, and ultimately concerning the impending sale.

On June 10, 1957 Rothstein filed a notice of motion to redeem on the ground that the final judgment was void and that he had a right to redeem. At the hearing the plaintiff township moved to amend the final judgment to comply with *R. R.* 4:82–7(*i*) by adding the description of the premises as contained in the complaint and tax foreclosure list. The court denied Rothstein's motion and granted plaintiff's. In the order entered on these motions, and which is the order under review, the court declared

"* * * that the irregularities averred by the defendant were not of such character as would provide sufficient ground for the

vacating and setting aside of the *In Rem* Foreclosure judgment, and that the nature of the irregularities that may exist in this proceeding are such as may be remedied by an amended judgment."

The parties in their agreed statement in lieu of record have limited the appeal to a single ultimate question, namely, "Does Edward M. Rothstein have the right to redeem the premises in question from the three tax sale certificates above mentioned"? We limit our attention to this question.

The *In Rem* Tax Foreclosure Act (1948), *N. J. S. A.* 54:5–104.29 *et seq.*, applicable to tax sale certificates held by municipalities, can only be invoked after four years of nonpayment of general land taxes and two years after the date of the tax sale. The Legislature has declared that: "This act shall be liberally construed as remedial legislation to encourage the barring of rights of redemption * * *," and the courts have construed the statute as one designed to expedite the foreclosure of tax liens and in favor of the municipality. *City of Newark v. Yeskel*, 6 *N. J. Super.* 434 (*Ch.* 1949), affirmed 5 *N. J.* 313 (1950); *Teaneck Township v. Block 427, Lots 9–10*, 19 *N. J.* 386 (1955); *Borough of Paramus v. Block 1527, Lots 1–2, Assessed to Ridgewood Park Estates*, 42 *N. J. Super.* 369 (*App. Div.* 1956). In the instant case, there is no dispute as to the nonpayment of taxes for more than four years and that more than two years had expired from the date of the tax sale before the *in rem* tax foreclosure action was begun, as required by *N. J. S. A.* 54:5–104.34.

The statute, *N. J. S. A.* 54:5–104.67, provides that no application shall be entertained for reopening of the final judgment after the expiration of three months from the date of recording thereof in the office of the county recording officer, except upon the grounds of lack of jurisdiction or fraud in the conduct of the action. The final judgment having been entered December 14, 1956 and recorded in the Ocean County Clerk's Office December 27, 1956, Rothstein's application to reopen was not made within the three-month period, but almost six months after the recording

of the judgment. He relies upon *R. R.* 4:62–2, which allows a greater period for such purpose.

 Defendant's attack on the validity of the judgment is based upon three alleged irregularities:

(1) The tax foreclosure list annexed to the complaint did not include the tax sale certificate numbers, as required by *N. J. S. A.* 54:104.35(*c*). However, the certificate numbers were included in the body of the complaint and in the notice as published. Appellant recognizes that this irregularity by itself is insufficient ground to declare the final judgment invalid, but suggests that it is to be considered as one of the factors in arriving at a decision. Since the certificate numbers were given in the complaint and the notice, we perceive no substance to the objection. *Borough of Paramus v. Block 1527, Lots 1–2, Assessed to Ridgewood Park Estates, supra* (42 *N. J. Super.*, at *page* 375).

(2) The affidavit of posting of notice of foreclosure, filed prior to entry of final judgment, did not indicate that notices were posted in three conspicuous places as required by *R. R.* 4:82–7(*d*) (and formerly by *N. J. S. A.* 54:5–104.50), which provides that "no final judgment shall be entered as to any parcel of land until such affidavits have been filed as herein provided." However, the parties have agreed that "Subsequent to June 10, 1957, the plaintiff filed a supplemental affidavit of posting indicating that the notice of the tax foreclosure was in fact posted in three conspicuous places in accordance with the rules of the court." In actuality, therefore, there had been compliance with the requirement for posting of notice. In the absence of any harm or prejudice by the omission of this fact from the original affidavit, it is clear that the omission was rectified by the supplemental affidavit.

The essential requirement for jurisdiction of the subject matter is the giving of notice. *City of Newark v. Yeskel, supra; Petersen v. Falzarano,* 6 *N. J.* 447, 453 (1951). It is not denied that notice was actually properly posted. Rothstein does not show how he was prejudiced by the deficiency in the original affidavit and its correction by the

filing of the supplemental affidavit. We hold that the jurisdiction of the court to enter the tax foreclosure judgment was not impaired by the initial deficiency.

(3) *R. R.* 4:82–7(*i*) requires that the final judgment shall describe the premises by the description and identification appearing in the complaint and tax foreclosure list. The judgment here involved did not itself contain such a description, although the complaint and the tax foreclosure list did. The requirement for an adequate description in the judgment to be recorded is to apprise subsequent purchasers or mortgagees of the proceedings. The enlargement of the description of the lands involved by the amendment of the judgment on plaintiff's countermotion is tantamount to the correction of a clerical error permissible under *R. R.* 4:62–1 and did not affect validity of the judgment. *Dorsheimer v. Rorback,* 24 *N. J. Eq.* 33 (*Ch.* 1873); *Bull v. International Power Co.,* 84 *N. J. Eq.* 209, 216 (*Ch.* 1915), affirmed 85 *N. J. Eq.* 206 (*E. & A.* 1915).

Rothstein further urges that the failure of the county clerk to comply fully with *N. J. S. A.* 54:5–104.44 invalidates the judgment. The statute provides:

"Upon the filing of such copy of complaint, the county recording officer shall forthwith cause the action to be indexed in the name of all persons appearing in the tax foreclosure list and in the complaint in the same index used for notices of *lis pendens,* and the filing of said complaint shall be noted in the margin of the record of each certificate of tax sale referred to in said complaint."

The county clerk partially complied with the statute by noting the filing of the complaint in the margin of the record of the tax sale certificates but he did not index the action in the name of the Pines Development Corporation, the last record owner of the property. The properties were assessed to the original owner, Lakewood Pines Development Co., and continued so to be assessed throughout these proceedings, although, as noted above, it had conveyed title to the Pines Development Corporation by deed recorded on September 23, 1925. The township's tax foreclosure com-

plaint had properly set forth that the name of the assessed owner of the premises in question was Lakewood Pines Development Co., and that the name of the last record owner of the property was the Pines Development Corporation. A copy of the complaint was filed on October 8, 1956 with the Ocean County Clerk. He indexed it in the *lis pendens* index as to Lakewood Pines Development Co. but failed to do so as to the Pines Development Corporation. However, he otherwise complied with the statute by noting the filing of the complaint in the margin of the record of each certificate of tax sale referred to in the complaint. *N. J. S. A.* 54:5–104.44.

Rothstein further argues that the indexing of the action against the last record owner as a *lis pendens* is an important jurisdictional requirement in the *in rem* proceeding and that the failure of the county clerk to do so deprived him "of obtaining notice of the foreclosure proceedings from the records of the Ocean County Clerk." It is to be noted that this attack upon the judgment is not based upon any act or default of the plaintiff but upon a neglect of the clerk in strictly observing the statutory requirement as to the *lis pendens* indexing. However, the long settled rule in this State is that the index is no part of the record and that the omission to index does not impair constructive notice. *Semon v. Terhune,* 40 *N. J. Eq.* 364 (*Ch.* 1885). Provision for indexing has been regarded as merely directory in most states. 4 *American Law of Property,* § 17.31, *p.* 621 (1952); Annotation, 63 *A. L. R.* 1057 (1929). Here the notation of the filing of the foreclosure action on the record of the tax sale certificates and the actual filing of the foreclosure complaint in the clerk's office constituted constructive notice of the pendency of the action.

Whether a particular regulation is imperative or directory depends upon a construction of the entire statute. When it "does not appear to be of the essence of the law, but rather relates to form and manner and is an incident thereof, it is directory." *Borough of Paramus v. Block 1527,*

*Lots 1–2, Assessed to Ridgewood Park Estates, supra* (42
*N. J. Super.,* at *page* 375).

When a statute requires notice to be given, notice
is a jurisdictional *sine qua non* and the right of redemption
cannot be barred, except if there has been strict compliance.
*City of Newark v. Yeskel,* 5 *N. J.* 313; at *page* 329 (1950).

*N. J. S. A.* 54:5–104.42 specifies the acts which
"shall be notice to the world including all persons claiming
any right, title, interest in or lien upon the land sought
to be affected by said complaint, whether or not the names
of the said persons appear in said complaint, of the institu-
tion of said foreclosure proceedings *in rem* * * *." See
*R. S.* 46:21–1 *et seq.* The essentials are the filing of a
copy of the complaint in the office of the county recording
officer and the publication and posting of notice as provided
by the Rules of our Supreme Court. These form the juris-
dictional *sine qua non* to bar the right of redemption. With
these requirements the plaintiff complied.

The clerk's failure to index the filing of the *lis
pendens* in the name of the Pines Development Corporation,
the last record owner, in the *lis pendens* notice book cannot
be regarded as more than neglecting to perform a merely
directory function—especially, in this case, when the notice
was filed against and indexed under the name of the assessed
owner and the filing of the complaint was noted in the
margin of the record of each certificate of tax sale. Under
the circumstances, the clerk's omission did not impair con-
structive notice, nor affect the validity of the final judgment.

Our consideration of the several attacks leveled by Roth-
stein against the validity of the judgment and our conclusion
that they are without merit render it unnecessary for us to
decide whether his application to reopen the proceedings to
permit redemption was barred because not made within three
months from date of recording of the judgment as provided
by *N. J. S. A.* 54:5–104.67, or whether the application was
nevertheless timely under *R. R.* 4:62–2.

Finally, Rothstein argues that regardless of the
statutory time limitation, the application of plaintiff to

amend the judgment by adding the description of the premises constituted a waiver of any bar against defendant's right of redemption and operated to revive the right to redemption which had been foreclosed, citing *Teaneck Tp. v. Block 427, Lots 9–10, supra.* That case is of no help to the defendant; in fact, it is relied upon by and supports plaintiff. There, the municipality instituted a second foreclosure proceeding, apparently on the assumption that a prior proceeding had not accomplished its purpose. By counterclaim, the defendant sought to redeem. The court held that the prior foreclosure was in fact valid and had effectively barred all rights of redemption. The counterclaim was dismissed because the second proceeding did not recreate or revive the right of redemption.

In the instant case, plaintiff's motion did not reopen the judgment but merely sought an amendment and the correction of clerical errors. Such errors a court may correct by amendment without a rehearing and without reviving a right theretofore barred. *Dorsheimer v. Rorback, supra; Bull v. International Power Co., supra.* R. R. 4:62–2 provides that a motion thereunder "does not suspend the operation of any judgment, order or proceeding or affect the finality of a final judgment."

The judgment is affirmed.