119 N.J. Super. 581 (1972)
293 A.2d 197
ROSS DeLIA, INDIVIDUALLY, AND SEASIDE HEIGHTS PROPERTY OWNERS ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
LEO KIERNAN, TAX ASSESSOR OF THE BOROUGH OF SEASIDE HEIGHTS, NEW, JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1972.
Decided June 27, 1972.
*583 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Russell Fleming, Jr. argued the cause for appellant (Messrs. Sailer, Fleming & Raczkowski, attorneys).
Mr. Norman A. Doyle, Jr. argued the cause for respondents.
PER CURIAM.
Plaintiffs DeLia, a citizen and taxpayer of the Borough of Seaside Heights, and Seaside Heights Property Owners Association brought this action seeking a declaratory judgment that certain items in the possession of defendant tax assessor, including property record cards, were public records, and that the public has a right to inspect them. DeLia also sought an adjudication that he had a justifiable reason to examine these records.
The court pointed out that there is no statute which mandates the preparation and keeping of such cards, and that therefore such records are not public records within the meaning of the Right to Know Law. Consequently, they are not generally available to the public for inspection under that statute. Cf. Tagliabue v. North Bergen, 9 N.J. 32 (1952).
However, the court ruled that DeLia, who had a tax assessment discrimination appeal pending before the Division *584 of Tax Appeals, was entitled to inspect the cards because he had an interest in the subject matter. The court observed that examination of such records
* * * may reveal to plaintiff information which may not only be beneficial to him in the disposition of his appeal, but it may be enlightening to the taxpayers of the municipality who may contend that the tax assessment is not being done according to law.
Defendant tax assessor appeals, arguing that the property record cards are protected from inspection by plaintiff by the work product rule. Plaintiffs have not cross-appealed from the determination that the property record cards are not public records.
We agree with the trial court's determination that the individual plaintiff, DeLia, as a property owner and as a taxpayer whose tax appeal is pending, has a sufficient interest so as to justify inspection of the property record cards. Such records, although not required to be maintained by statute, are commonly used by tax assessors for the purpose of recording a wide variety of information. Such record cards tend to follow the format devised by the Local Property Tax Bureau of the State of New Jersey as set forth in the Real Property Appraisal Manual (1963). These cards reflect information concerning the character of the property, such as its topography, use, extent of acreage, and other factors which may have a bearing on the valuation appearing in the assessments.
It is true that the information contained thereon is prepared primarily for the use of the tax assessor. However, much of such information is of a factual nature and as such is relevant to questions ordinarily involved in tax appeals. It may also be relevant and material to the taxpayers' legitimate interest in knowing that the tax assessments are being made according to law.
We see no valid reason why the information appearing on such records should be withheld from the public view, either on the theory that they contain confidential information *585 or that they belong to the assessor. Nor are we persuaded that such records should be protected from public view by reason of the work product privilege. We do not view Newark v. Division of Tax Appeals, Dept. of Treasury, 7 N.J. 8 (1951), to hold to the contrary. Property record cards do not, in any real sense, reflect or embody the mental processes, impressions, conclusions and opinions of the assessor.
Nor do we perceive any basis for defendant's apprehension of harassment because of the opening, under appropriate circumstances, of these records for inspection. Any inspection would be permissible only subject to reasonable controls as to time, place, copying, etc. See N.J.S.A. 47:1A-2 which sets up guidelines in these areas under the Right to Know Law. The court has inherent power to impose any restrictions necessary to prevent abuse and to protect the public officials involved.
Affirmed.