164 N.J. Super. 595 (1979)
397 A.2d 400
LOUIS CIRANGLE, PLAINTIFF,
v.
MAYWOOD BOARD OF EDUCATION, DEFENDANT-COUNTERCLAIMANT.
Superior Court of New Jersey, Law Division.
Decided January 2, 1979.
*597 Mr. William F. Nesbitt for plaintiff.
Mr. Marvin H. Gladstone for defendant-counterclaimant (Messrs. Gladstone, Hart & Rathe, attorneys).
SMITH, J.S.C.
Plaintiff Louis Cirangle is a tenured superintendent of schools employed by defendant Maywood Board of Education. In the fall of 1977 certain alleged irregularities in the disbursement of public funds administered by Cirangle were brought to the attention of the board. An investigation followed and other apparent infractions were discovered. When confronted with these charges, plaintiff demanded in writing that they be aired in public. The board refused to comply with his request and proceeded to evaluate *598 the evidence against him at a series of closed meetings. On June 6, 1978 the board forwarded a number of charges against him to the Commissioner of Education for determination on the merits in accordance with the Tenure Employees Hearing Law, N.J.S.A. 18A:6-10 et seq. Plaintiff then instituted this suit to have the board's action declared void on the basis that it was taken during the course of a meeting which did not conform to the provisions of the Open Public Meetings Act, N.J.S.A. 10:4-15. The Commissioner has voluntarily stayed proceedings pending the outcome of this litigation.
The problem in this case arises out of legislative enactment of two flatly contradictory statutory provisions. On the one hand, the Open Public Meetings Act requires that consideration of the charges against Cirangle be conducted at an open public meeting. On the other hand, the Tenure Employees Hearing Law prohibits consideration and action by the board in public. Since the statutes cannot be reconciled, the ultimate outcome of this controversy is dependent solely upon application of the rules of judicial construction in an attempt to fathom the legislative intent.
The Open Public Meetings Act basically provides that meetings of public bodies such as defendant must be open to the public at all times, N.J.S.A. 10:4-12(a). One of the exceptions to this requirement permits exclusion of the public during discussion of
Any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of the performance of, promotion or disciplining of any specific prospective public officer or employee or current public officer or employee employed or appointed by the public body. unless all the individual employees or appointees whose rights could be adversely affected request in writing that such matter or matters be discussed at a public meeting. [N.J.S.A. 10:4-12(b)(8); emphasis supplied]
Plaintiff asserts that the sole purpose for the personnel exception is to prevent unwarranted invasion of an individual's right to privacy. Exercise or waiver involves a personal decision *599 as to whether the employee desires to have his private personal matters discussed in public. Since Cirangle waived this statutory right, the board was required to consider the charges against him in public. See Rice v. Union City Reg'l High School Bd. of Ed., 155 N.J. Super. 64 (App. Div. 1977).[1]
Defendant claims that it was unequivocally prohibited from acting on the charges against Cirangle during public meetings by the Tenure Employees Hearing Law, N.J.S.A. 18A:6-11. That measure details the procedure involved when charges are made against a tenured board of education employee. Under such circumstances, the board's role is limited to making findings as to whether there is probable cause to credit the evidence in support of the charges. If the board finds that probable cause exists, then it merely forwards such written charges to the Commissioner of Education for further determination on the merits. It is at this stage of the proceedings where public hearings must be held and the charged employee is granted the full panoply of his rights to due process. Unlike the Open Public Meetings Act, the Tenure Employees Hearing Law does not contain a provision which gives the employee the right to request that charges against him be heard in public. Instead, it specifically provides that:
Any charge made against any employee of a board of education under tenure during good behavior and efficiency shall be filed with the secretary of the board in writing and a written statement of evidence under oath to support such charge shall be presented to the board * * * After consideration of the charge, statement of position and statements of evidence presented to it, the board shall determine by majority vote of its full membership whether there is probable cause to credit the evidence in support of the charge and whether such charge, if credited, is sufficient to warrant a dismissal *600 or reduction of salary. * * * The consideration and actions of the board as to any charge shall not take place at a public meeting. [N.J.S.A. 18A:6-11; emphasis supplied]
Judicial interpretation of contradictory legislative directives should commence with an examination of their statutory histories to uncover any signs of legislative intent. U.S. v. Eureka Pipeline Co., 401 F. Supp. 934 (N.D.W. Va. 1975); 2A Sutherland, Statutory Construction (4 ed. 1973), § 48.01. Even the most basic principles of statutory construction must yield to clearly contrary evidence of legislative intent when contained in the legislative history. National R. Passenger Corp. v. National Ass'n of R. Passengers, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974). Resolution of the present controversy is based upon information gleaned from the historical development of the Tenure Employees Hearing Law.
Prior to 1960 tenured employees of boards of education were subject to removal and discipline under a variety of procedures, dependent on the nature of the employment: N.J.S.A. 18:13-17 (teachers); N.J.S.A. 18:5-51 (secretary, district clerk, secretarial personnel); N.J.S.A. 18:5-67 (janitors); N.J.S.A. 18:6-27 (secretary, superintendent of schools, business manager, other officers, agents and employees); N.J.S.A. 18:7-58 (principals and teachers); N.J.S.A. 18:14-64.1 (nurses). Local school boards conducted hearings in each case and made the initial decision. Pursuant to his general power to decide all controversies arising under school laws (N.J.S.A. 18:3-14), the Commissioner of Education acted as a reviewing authority. The original Tenure Employees Hearing Law (L. 1960, c. 136) replaced the then existing maze of statutory regulations by transferring original jurisdiction from local school boards to the Commissioner of Education. The Legislature intended to accomplish two goals by its enactment. One was to terminate the impropriety of having the board act as investigator, prosecutor and judge at the same time:
*601 * * * The second and no less important purpose was to remove the trial of such cases from the publicity attendant on the local hearing which "tears the community apart" and "disrupts the orderly conduct of local school affairs." See Statements, supra. [In re Fulcomer, 93 N.J. Super. 404, 414 (App. Div. 1967); emphasis supplied]
The large number of frivolous charges brought against tenured school board personnel over the ensuing years triggered the latest revision. The Senate Education Committee Statement to Senate Bill No. 671 (the current version of N.J.S.A. 18A:6-11) describes the bill as an attempt to improve the procedures for filing such charges and determining whether they should be forwarded to the Commissioner for hearing. A probable cause procedure was established to screen cases. The board was also required to furnish the accused with a copy of the written charge, a statement of evidence submitted and an opportunity to respond. The legislative statement concludes: "Consequently, the board has clear instructions concerning the procedure that it must undertake and the rights of the accused employee are protected."
The specific and limited scope of N.J.S.A. 18A:6-11 must be measured against the sweeping application of the Open Public Meetings Act. When general and specific acts are in pari materia they should be construed together and harmonized if possible. However, if there is any conflict, the more detailed act will prevail even if it was passed prior to the more general statute unless it is apparent that the Legislature intended to make the general act controlling. Where the special statute is passed subsequent to the more general one, it will be regarded either as an exception to or qualification of the prior general law. 2A Sutherland, Statutory Construction (4 ed. 1973), § 51.05. Not only is the Tenure Employees Hearing Law more narrow in scope than the Open Public Meetings Act but it is also subsequent in time of adoption. Despite the fact that neither measure refers to or *602 mentions the other, both were considered by the same Legislature and became effective within 19 days of each other.[2]
Historically, the Tenure Employees Hearing Law never dealt with the issue of whether disciplinary matters should be heard in public or private. Clear and specific language prohibiting consideration and action at public meetings was inserted for the first time in the latest amendment promulgated shortly after adoption of the Open Public Meetings Law. Bearing in mind the legislative intent to remove hearings of this nature from local school boards because of the disruptive effect upon the community, it becomes apparent that the failure to specifically afford accused employees the right to demand a public hearing cannot be chalked up to legislative oversight. The Legislature has manifested its intention to exclude the public even in the face of a demand for an open meeting by the affected tenured employee.
Plaintiff will receive a public hearing on the merits before the Commissioner of Education. Judgment will be entered in favor of defendant.
NOTES
[1] In that case 17 employees of the Union County Regional High School Board of Education were terminated for economy reasons. The Tenure Employees Hearing Law was neither involved nor discussed by the court.
[2] The Open Public Meetings Act was approved by the Legislature on October 21, 1975, to take effect on January 19, 1976, 90 days after its enactment. The Tenure Employees Hearing Law was amended on February 7, 1976 and signed into law by Governor Byrne on the following day.