TECHNISCAN CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. PASSAIC VALLEY WATER COMMISSION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 18, 1987—Decided June 8, 1987.

Before Judges PETRELLA, GAYNOR and SCALERA.

*Harold Goldman* argued the cause for appellant (*William Rosenberg,* attorney, *Harold Goldman,* of counsel and on the brief).

*Robert P. Seawright* argued the cause for respondent (*Bourne, Noll and Kenyon,* attorneys, *Robert P. Seawright,* of counsel and on the brief).

The opinion of the court was delivered by

SCALERA, J.A.D.

The issue here is the extent to which persons engaged in the business of searching public records for profit may gain access to such information pursuant to our Right to Know Law, *N.J.S.A.* 47:1A–1, *et seq.* We affirm the trial judge's grant of Techniscan's motion and hold that its rights are equal to those of any other citizen.

The Passaic Valley Water Commission (PVWC) is a public entity engaged in the business of purveying potable water. As part of its function, PVWC maintains records of accounts receivable. All unpaid water charges payable to PVWC become a lien on the real estate serviced by it. *See N.J.S.A.* 40:62–141. It has been PVWC's practice to furnish certified water lien search information upon request, for a fee of approximately ten dollars.

Techniscan Corporation is engaged in the business of searching certain public records on behalf of various title insurance companies. It seeks access to the records kept by PVWC in order to conduct essentially the same type of water lien search for approximately the same fee.

PVWC refused to permit Techniscan to conduct such searches of its records for the reasons that,

(1) Such activities are solely for Techniscan's "own business purposes and economic benefit" and accordingly, there is no legal requirement that such access be granted.

(2) Such activities "would be patently and irreparably disruptive to the operation" of PVWC.

(3) Such activities "would be an improper delegation of a governmental function" and "not in the public interest as required by" the Right to Know Law.

Techniscan filed suit to compel access to PVWC's records and then filed a motion for summary judgment based solely on the rights accorded to it by the Right to Know Law. Hence, its common law access rights are not implicated here.

The Right to Know Law, *N.J.S.A.* 47:1A–1, *et seq.*, enacted in 1963, declares the public policy of this State to be that public records "shall be readily accessible by the citizens of this State"

as a means of protecting the public interest. It provides specifically that, with certain exceptions, every citizen shall have the right to inspect and purchase copies of such records pursuant to an established fee schedule. *N.J.S.A.* 47:1A–2. No issue of confidentiality or other restrictions expressed or implied in the statute is raised here by PVWC.

PVWC concedes that the purpose of the statute "is the salutary one of promoting a free flow of information in order to ensure an informed citizenry." *Nero v. Hyland,* 76 *N.J.* 213, 221 (1978). However, it argues that allowance of such unfettered access to public records by "a private commercial enterprise ... motivated by private pecuniary gain" will not further the implied public interest requirement of the statute.

Recently, in *Loigman v. Kimmelman,* 102 *N.J.* 98 (1986), the Supreme Court had occasion to discuss the competing interests of the State and its citizens where a citizen seeks access to official information gathered during a law enforcement investigation alleged to be confidential in nature. During the course of discussing the general principles to be applied in construing the Right to Know Law, the Court noted that, "[o]rdinarily, only an assertion of citizen or taxpayer status is necessary for production of common-law records, subject to a showing of good faith" *Id.* at 104. Moreover, in *Beck v. Bluestein,* 194 *N.J.Super.* 247, 256 (App.Div.1984) we pointed out that "[u]nlike a citizen's common law right to inspect and examine public records, the Right to Know Law, *N.J.S.A.* 47:1A–1 *et seq.,* imposes no requirement of standing or interest to obtain access to public records." *See also Citizens for Better Ed. v. Bd. of Educ. of City of Camden,* 124 *N.J.Super.* 523 (App.Div. 1973); *McClain v. College Hosp.,* 99 *N.J.* 346, 354 (1985) (discussing common law rights of inspection as opposed to those which are statutory in origin).

Under the Right to Know Law it is not necessary to establish a purpose for which access to the public records is sought. Indeed, once it is demonstrated that the records

sought are those defined in the statute and are not otherwise protected, the right to access is absolute. *Beck v. Bluestein, supra,* 194 *N.J.Super.* at 257. The fact that the statute contains specific provisions for a fee schedule for requested copies of such records suggests that the Legislature did anticipate search activities of the public records by commercial entities. *See* Conditional Veto Message of Governor Hughes, Assembly No. 344 (May 6, 1963). We perceive no reason to treat such commercially motivated "citizens" seeking access under the Right to Know Law differently from citizens seeking information for a purely "private" reason or need. Moreover, there is no statutory prerequisite that a person seeking access to a public record, not otherwise protectable, demonstrate that such inspection will result in the protection of the public's interest. Rather, the Legislature made clear that it is the granting of the access by passage of the statute that will accomplish the goal of "protection of the public interest."

In addition, we point out *Accident Index Bureau v. Hughes,* 46 *N.J.* 160 (1965) as further support for our conclusion. There, plaintiff sought access to Workers' Compensation records in order to provide employees with information concerning past injuries and claims of prospective employees. While decrying the motivation of the plaintiff agency, the Court held that the provisions and broad policy of the Right to Know Law prohibited barring access to the records notwithstanding that plaintiff was engaged in "poor behavior" for profit. *Id.* at 166.

██ Historically, private searchers and abstracters have always utilized public records for profit in searching titles for prospective purchasers of real and personal property. We see no reason to suddenly draw a distinction for the governmental agency involved here because plaintiff admits to a profit motive. *See* 66 *Am.Jur.*2d, *Records and Recording Laws,* § 17 at 353. The argument that PVWC offers the same search services is irrelevant to our consideration. While we have no hesitancy in concluding that a public agency may promulgate reason-

able regulations in order to obviate or reduce any disruption of its record keeping functions in addition to those provided in the statute, the basic right of plaintiff to have access to such records, regardless of any pecuniary benefit flowing therefrom cannot be disputed.

Accordingly, we affirm the determination of the trial judge that plaintiff is entitled to access to the PVWC records on a "non-discriminatory basis."