TECHNISCAN CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. PASSAIC VALLEY WATER COMMISSION, DEFENDANT-APPELLANT.

Argued October 11, 1988—Decided November 21, 1988.

234

*Harold Goldman* argued the cause for appellant (*William Rosenberg*, General Counsel, attorney; *Harold Goldman* and *Marjorie Neifeld*, on the brief).

*Robert P. Seawright* argued the cause for respondent (*Bourne, Noll & Kenyon*, attorneys).

PER CURIAM.

We granted certification, 110 *N.J.* 301 (1988), primarily to address the question posed in the petition whether the profit-making motive of an information-gathering service should serve to restrict the service's statutory access, under the State's Right-to-Know Law, *N.J.S.A.* 47:1A–1 to –4, to certain records of the Passaic Valley Water Commission (PVWC). We agree with that portion of the reported opinion of the Appellate Division, 218 *N.J.Super.* 226, 230 (1987), holding that there is "no reason to treat such commercially motivated 'citizens' seeking access under the Right to Know Law differently from citizens seeking information for a purely 'private' reason or need." *See Accident Index Bureau, Inc. v. Hughes*, 46 *N.J.* 160 (1965) (invalidating a regulation that denied access to

Worker's Compensation claim records if the inspection or copying is done for the purpose of providing employers with information about prospective employees).

We note, however, that neither the judgment of the Law Division nor the opinion of the Appellate Division describes the specific records to which the Right-to-Know Law applies. Undescribed public records are not to be equated with Right-to-Know records. There is a narrow but important distinction between the records "required by law to be made, maintained or kept on file," which are covered by the Right-to-Know Law, *N.J.S.A.* 47:1A-2, and those written records "made by public officers in the exercise of public functions," which are common-law records. *See Nero v. Hyland*, 76 *N.J.* 213, 221-22 (1978). We have repeatedly noted the distinction and its relevance. *See Irval Realty Inc. v. Board of Pub. Util. Comm'rs*, 61 *N.J.* 366 (1972).

Under the Right-to-Know Law, any citizen, without any showing of personal or particular interest, has an *unqualified* right to inspect public documents if they are, in fact, the statutorily defined records. *Id.* at 372-73. In contrast, the citizen's common-law right to gain access to other public records requires a *balancing* of interests. *McClain v. College Hosp.*, 99 *N.J.* 346 (1985). "The balancing process must be concretely focused upon the relative interests of the parties in relation to these specific materials." *Id.* at 361. The process should be "flexible and adaptable to different circumstances and sensitive to the fact that the requirements of confidentiality are greater in some situations than in others." *Id.* at 362. We summarized the balancing process:

> As the considerations justifying confidentiality become less relevant, a party asserting a need for the materials will have a lesser burden in showing justification. If the reasons for maintaining confidentiality do not apply at all in a given situation, or apply only to an insignificant degree, the party seeking disclosure should not be required to demonstrate a compelling need.
>
> [*Ibid.*]

In this balancing process, "the focus must always be on 'the character of the materials sought to be disclosed.'" *Loigman v. Kimmelman*, 102 *N.J.* 98, 112 (1986) (quoting *State v. Doliner*, 96 *N.J.* 236, 248 (1984)). Before us the parties referred to only two "specific materials": (1) computer printouts of the utility's quarterly posting of customer accounts by usage and billing, and (2) the daily computer printouts of interim meter readings and cash receipts. Obviously, it is not every printout of routinely computerized data made by a public agency that becomes a Right-to-Know record. But PVWC has not emphasized any distinction between the scope of access that Techniscan should have under the Right-to-Know or common-law theories. Under either regime, the public entity may establish (or request a court to establish) reasonable time and place restrictions on the terms of access. *See Delia v. Kiernan*, 119 *N.J.Super.* 581 (App.Div.1972). Thus the utility's concerns that the information service will "camp out" in its offices and seek access to its files "on demand" can be readily addressed through less drastic measures than a total denial of access.[1] We sense from the oral argument that there is little difficulty in affording over-the-counter access at reasonable times to the computer printouts. As an alternative, the agency could simply post copies of the printouts. Techniscan does not seek computer access to the data.

In other circumstances the nature of the "specific materials" may dictate a different result occasioned by the necessary classification of the materials under one of the two categories of public records, Right-to-Know or common-law. On this record, however, it does not appear necessary that we determine whether the materials sought qualify as Right-to-Know

---

[1]No party discussed whether the allowable costs of any requested copying were sufficient to the circumstances. The Legislature is considering further clarification of the relative interests of for-profit information-gathering services and public bodies. *See* A432, 203rd Leg., 1st Sess. (1988) (requiring registration of third-party lien searchers and setting fees for information given thereto).

records or common-law records. Since the only materials referred to do not raise significant concern as common-law records for the "interests of [PVWC] in relation to these specific materials," *McClain, supra,* 99 *N.J.* at 361, no remand is necessary. Since, however, the judgment of the Law Division afforded plaintiff unqualified access as well to "all other public records" of PVWC, the judgment should be modified to limit its scope to the specific materials described in this opinion.

As modified, the judgment of the Appellate Division is affirmed.

*For modification and affirmance* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and GARY S. STEIN—7.

*For reversal* —None.