720 A.2d 335

BERNARD LAUFGAS, PLAINTIFF–APPELLANT, v. NEW JERSEY TURNPIKE AUTHORITY, NEW JERSEY HIGHWAY AUTHORITY AND NEW JERSEY STATE POLICE, DEFENDANTS–RESPONDENTS.

Argued September 28, 1998—Decided November 19, 1998.

*Bernard Laufgas*, argued the cause for appellant, *pro se*.

*Stuart M. Lederman*, argued the cause for respondent New Jersey Turnpike Authority (*Riker, Danzig, Scherer, Hyland & Perretti*, attorneys).

*Andrew Bayer*, argued the cause for respondents New Jersey Highway Authority and New Jersey State Police (*DeCotiis, Fitzpatrick & Gluck*, attorneys).

PER CURIAM.

This appeal is before us as of right under *Rule* 2:2–1(a)(2) on the basis of a dissent in the Appellate Division. The dissent expressly limited itself to "but one aspect of the well-reasoned majority opinion" that affirmed the dismissal of plaintiff's complaint.

In early 1995, plaintiff requested from the New Jersey Turnpike Authority (the Turnpike) and the New Jersey Highway Authority (the Parkway) approximately fifteen years of records. Among other information, plaintiff's letters sought "all" of the following items from the Turnpike: (1) employee payroll lists; (2) meeting resolutions; (3) vouchers and canceled checks; (4) lists of Commissioners; (5) contracts entered into by the Authority; (6) executive session minutes; and (7) automobile accident reports. In April 1995, Laufgas requested a similar list from the Parkway.

The authorities attempted to comply with plaintiff's request. For example, the Turnpike informed plaintiff that it had compiled a substantial portion of the public records and that he should contact the Turnpike's offices during normal business hours to arrange for inspection and copying of the documents. Plaintiff did review some of the public records he requested. He did not request permission from the Turnpike to have any of the public records privately copied. During the document inspection plaintiff

did not advise any of the Turnpike's staff that documents he requested had not been produced. After the inspection he did not write to or otherwise contact the Turnpike to complain that his request had not been fulfilled.

Although the Turnpike and the Parkway did thus provide access to many of the materials requested, plaintiff brought this action. He joined the New Jersey State Police as a defendant. His complaint alleged that the Turnpike and the Parkway unlawfully refused his demand for public inspection and copying of documents at their offices, that the Parkway's practices with respect to the sale of tokens violated the Consumer Fraud Act, *N.J.S.A.* 56:8–1 to –91, and that the State Police had repeatedly violated the speed limit on the Parkway and selectively enforced laws and regulations against plaintiff. Finding that the authorities had reasonably complied with the laws governing public access to official information and that the other allegations of the complaint failed to state a cause of action, the trial court granted summary judgment on all counts. On appeal, the Appellate Division affirmed. As noted, one member dissented from a portion of the majority's disposition.

I

■ The sole basis of disagreement between the majority and dissent concerns whether the general provisions of *N.J.S.A.* 39:4–131 and 39:4–131.1, providing access to motor vehicle accident reports and for the inspection and copying thereof, are superseded by the more specific provisions of *N.J.S.A.* 53:2–3. That statute governs the production of certified copies of motor vehicle accident reports, photographs, or any other information related to any automobile accident on file with the Division of State Police. The act authorizes the Superintendent to collect a $10 fee for each certified copy of an accident report.

*N.J.S.A.* 39:4–131 provides that "[e]very citizen of this State shall have the right, during regular business hours and under

supervision, to inspect and copy [motor vehicle accident] reports and shall also have the right in person to purchase copies of the reports at the same fee established by ... [*N.J.S.A.* 47:1A–2 of the Right–to–Know Law, *N.J.S.A.* 47:1A–1 to –4]."

The Right–to–Know Law (RTKL) provides that "[i]f a price has not been established by law for copies of any records, the custodian of such records shall make and supply copies of such records upon the payment of the following fees ...:" seventy-five cents per page for the first ten pages, fifty cents per page for the next ten pages, and twenty-five cents per page for each page after twenty. *N.J.S.A.* 47:1A–2. *N.J.S.A.* 39:4–131.1 supplements section 131 and provides: "Any rule, regulation, resolution or ordinance inconsistent with this act or establishing a fee in excess of the fee permitted by [the RTKL] is superseded insofar as it is inconsistent or to the extent that it exceeds the fee so established." Thus, the central issue before us is whether one must pay $10 for a State Police accident report or pay seventy-five cents per page.

## II

The Turnpike and the Parkway contend that because *N.J.S.A.* 53:2–3, which governs the State Police supplying accident reports, is neither a "rule, resolution, regulation or ordinance," but rather a statute, it is not superseded by *N.J.S.A.* 39:4–131. The dissenting member of the Appellate Division reasoned that the issue is not whether one act supersedes the other. *N.J.S.A.* 53:2–3 "merely covers a different subject matter, the supplying of certified copies. And [the act] is also in some respects broader than *N.J.S.A.* 39:4–131 since it covers photographs and related information, not just the accident report itself." Thus, the two statutes are not inconsistent and may stand together.

We agree with that analysis and conclude that the Division of State Police is subject to the provisions of *N.J.S.A.* 39:4–131 for

the routine inspection and copying of accident reports [1] although
*N.J.S.A.* 53:2–3 applies to the supplying of certified copies of
accident reports *or any copies of photographs and other related
information therein.*

We agree, however, with that part of the majority opin-
ion that holds that the Division's policy of responding only to mail
requests for inspection and production of copies is reasonable.
"Its barracks are quasi-military facilities, not designed or intended
to provide walk-in administrative services." Under either the
RTKL or common law theories of access to public records, "the
public entity may establish (or request a court to establish)
reasonable time and place restrictions on the terms of access."
*Techniscan Corp. v. Passaic Valley Water Comm'n,* 113 *N.J.* 233,
237, 549 *A.*2d 1249 (1988). A written request made in advance to
review a reasonable number of motor vehicle accident reports
should be accommodated according to *N.J.S.A.* 39:4–131, which
governs the inspection and copying of motor vehicle accident
reports. On its face, a request for ten to fifteen years of accident
reports, unrelated to a concrete purpose, appears unreasonable.
A public entity might consider seeking judicial supervision of such
a request.

We affirm that part of the Appellate Division judgment that
requires written requests to be made to the State Police for
inspection and private copying of motor vehicle accident reports.
We reverse that part of the judgment that holds that *N.J.S.A.*
53:2–3 supersedes the fee requirements of the RTKL for the
routine copying of motor vehicle accident reports. When certified
copies of accident reports or copies of photographs or other

---

[1] *N.J.A.C.* 16:1A–1.5, which governs information requests made to the Depart-
ment of Transportation, seems to provide the same access to similar requests.
The fee schedule under the regulation follows the schedule imposed by *N.J.S.A.*
47:1A–2 of the RTKL.

information are requested from the State Police, the $10 fee applies.

*For affirmance in part; reversal in part*—Chief Justice PORITZ and Justices HANDLER, O'HERN, GARIBALDI, STEIN and COLEMAN—6.

*Opposed*—None.