747 A.2d 809 (2000)
329 N.J. Super. 308
Dr. H. Benjamin WILLIAMS, Plaintiff-Respondent,
v.
The BOARD OF EDUCATION OF the ATLANTIC CITY PUBLIC SCHOOLS, Alberto Lopez, President of the Atlantic City Board of Education, Theresa Perry, Daniel Gallagher, Matthew Doran, James Herzog and Theresa Kelly, Individually and Jointly, Defendants. and
The Press of Atlantic City, Defendant/Intervenor-appellant.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1999.
Decided March 28, 2000.
*810 Nelson C. Johnson, Hammonton, for appellant.
Gregory G. Johnson, Newark, for respondent.
Before Judges D'ANNUNZIO, NEWMAN and FALL.
The opinion of the court was delivered by NEWMAN, J.A.D.
This appeal by the intervenor, The Press of Atlantic City (the Press), raises an issue of first impression regarding the accessibility under the Right-to-Know Law, N.J.S.A. 47:1A-1 to -4, of tenure charge documents filed by a school district against a superintendent of schools. The motion judge ruled that these documents *811 were exempted from the Right-to-Know Law and denied access to the Press. We hold that tenure charge documents are "public records" within the meaning of the Right-to-Know Law, are not exempted from the Right-to-Know-Law's unrestricted right to public disclosure, and access to them should have been granted upon request.
Initially, we recognize that the documents which were initially sought by the Press have since been accessed, but not, of course, at the time when first requested. Although, technically, the matter has been mooted and we ordinarily decline to decide moot appeals, we will on occasion "rule on such matters where they are of substantial importance and are capable of repetition, yet evade review." Mistrick v. Division of Med. Assistance & Health Servs., 154 N.J. 158, 165, 712 A.2d 188 (1998); New Jersey Div. of Youth & Family Servs. v. J.B., 120 N.J. 112, 118-19, 576 A.2d 261 (1990) (finding that press access to preliminary hearing involving emergency removal of a child from custody was a substantial issue of public importance). We deem the issue before us to be of significant public importance and capable of repetition, thereby warranting our full consideration.
In a closed session on June 3, 1998, the Atlantic City Board of Education (the Board) determined to suspend plaintiff, Dr. H. Benjamin Williams, from his position as superintendent of schools and place him on administrative leave, directed its labor counsel to investigate the institution of tenure charges against Dr. Williams, named an acting superintendent, and authorized a search for a replacement.
Dr. Williams commenced an action against the Board and several Board members on June 8, 1998, seeking to set aside the June 3, 1998 action which resulted in his suspension. On June 12, 1998, emergent relief was denied.
On or about July 10, 1998, Dr. Williams filed an amended complaint setting forth various claims which alleged violations of the Open Public Meetings Act and that plaintiff's suspension and the appointment of an acting superintendent were arbitrary and capricious; alleged a violation of the Law Against Discrimination, contending that Dr. Williams's suspension was racially motivated; alleged that defendants violated the Tenure Employees Hearing Law by making public disclosures about the tenure charges and plaintiff's termination; and alleged violations of 42 U.S.C. § 1983 and § 1985 and violations of Dr. Williams's constitutional and common law right of privacy and of the Civil Rights Act of 1991. Defendants answered the complaint.
On or about July 29, 1998, the Board filed tenure charges against plaintiff.
On August 20, 1998, the Press filed a motion to intervene and to obtain a copy of the tenure charges which included supporting documents. On September 11, 1998, the motion judge permitted the Press to intervene in this action, but denied its motion for disclosure of the tenure charges. The motion judge concluded:
I think it's clear that [the Legislature or Governors] intended that these things be done outside the public view. I think it's clear that the personnel, that whether or not it is filed with the board or filed in the personnel file or filed simultaneously in the board and in the personnel file is not the determinative factor, but the determinative factor is that these proceedings involving personnel, involving charges of unfitness for employment, involving charges which will be heard in private meetings should not be disclosed. And the Court, therefore, finds that the statute and Executive Order 11 precludes the Court from turning over the documents under the Right to Know statute.
On September 14, 1998, the Board certified the tenure charges against Dr. Williams to the Commissioner of Education (Commissioner) and suspended him without pay. The Commissioner then determined that the charges were sufficient to warrant dismissal and, within ten days *812 of making that determination, the matter was referred to the Office of Administrative Law for a hearing. At the time of argument, the hearing had been held, but no decision had been rendered.
Plaintiff's amended complaint was dismissed on December 4, 1998, pending the completion of the administrative proceedings.
On appeal the Press contends that the tenure charge documents are statutory public records and, therefore, are accessible under the Right-to-Know-Law. The Tenure Employees Hearing Law and the Right-to-Know-Law, when read together, the Press argues, permit unqualified access to the tenure charge documents. Furthermore, the Press asserts that there was no exception by way of Executive Order which removed the documents from immediate access under the Right-to-Know-Law.
At the outset, we note that the Press predicates its right to access exclusively under the Right-to-Know-Law. The Right-to-Know-Law reflects a policy which promotes unrestricted access to "public records." N.J.S.A. 47:1A-1. The critical issue is whether the documents sought are "public records." If documents are "public records," access to them is an absolute right, unless a specific exception applies. Techniscan Corp. v. Passaic Valley Water Comm'n, 113 N.J. 233, 236, 549 A.2d 1249 (1988). Contrary to the right of access under the common law, "any citizen, without any showing of personal or particular interest, has an unqualified right to inspect public documents if they are, in fact, the statutorily-defined records[ ]" under the Right-to-Know-Law. North Jersey Newspapers Co. v. Passaic County Bd. of Chosen Freeholders, 127 N.J. 9, 14, 601 A.2d 693 (1992); Techniscan, supra, 113 N.J. at 236, 549 A.2d 1249. A newspaper has the same right of access to a "public record" under the Right-to-Know-Law as a private citizen. Shuttleworth v. City of Camden, 258 N.J.Super. 573, 579, 610 A.2d 903 (App.Div.), certif. denied, 133 N.J. 429, 627 A.2d 1135 (1992).
N.J.S.A. 47:3-16 provides in pertinent part:
"[P]ublic records" mean any paper, written or printed book, document or drawing, map or plan, photograph, microfilm, data processed or image processed document, sound-recording or similar device, or any copy thereof which has been made or is required by law to be received for filing, indexing, or reproducing by any officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate boards thereof, or that has been received by any such officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate boards thereof, in connection with the transaction of public business and has been retained by such recipient or its successor as evidence of its activities or because of the information contained therein.
[(Emphasis added).]
The tenure charge documents against Dr. Williams were prepared by the Board's attorney at the authorization of a majority vote of the Board's members. The tenure charges were then filed with the Board's secretary as required by N.J.S.A. 18A:6-11, which provides in pertinent part:
Any charge made against any employee of a board of education under tenure during good behavior and efficiency shall be filed with the secretary of the board in writing, and a written statement of evidence under oath to support such charge shall be presented to the board.
[(Emphasis added).]
Under N.J.S.A. 47:1A-2,
all records which are required by law to be made, maintained or kept on file by any board, ... of the State or any political subdivision thereof or by any public board, body, commission or authority created pursuant to law by the State or any of its political subdivisions ... shall, for the purposes of this act, be deemed to be public records.
[(Emphasis added).]
*813 Under N.J.S.A. 47:1A-2, "public records" include "records which are required by law to be made" perpetuating the same reference made in N.J.S.A. 47:3-16. N.J.S.A. 47:3-16 is also consistent with N.J.S.A. 47:1A-2, which declares that a document filed with any board, which can reasonably be expected to be "kept on file" as a record of the public board's business, constitutes a "public record." Thus, tenure charge documents, because they are either required by law to be made or filed with and kept on file by the board, fall within the definition of "public records" under the Right-to-Know-Law.
We now turn to a consideration of Dr. Williams's tenure protection. Such protection is explicitly provided through the statutory authority of N.J.S.A. 18A:17-20.2, which reads:
During the term of any employment contract with the board, a superintendent shall not be dismissed or reduced in compensation except for inefficiency, incapacity, or conduct unbecoming a superintendent or other just cause and then only in the manner prescribed by subarticle B of article 2 of chapter 6 of Title 18A of the New Jersey Statutes.
The tenure afforded the superintendent requires that any action directed at dismissal or a reduction in compensation be subject to the Tenure Employees Hearing Law, N.J.S.A. 18A:6-9. Here, the tenure charge documents filed with the Board's secretary and the written statement of evidence under oath to support such charge are to be transmitted to the Board. N.J.S.A. 18A:6-11 continues by outlining the steps to be followed in the ensuing process:
The board of education shall forthwith provide such employee with a copy of the charge, a copy of the statement of the evidence and an opportunity to submit a written statement of position and a written statement of evidence under oath with respect thereto. After consideration of the charge, statement of position and statements of evidence presented to it, the board shall determine by majority vote of its full membership whether there is probable cause to credit the evidence in support of the charge and whether such charge, if credited, is sufficient to warrant a dismissal or reduction of salary. The board of education shall forthwith notify the employee against whom the charge has been made of its determination, personally or by certified mail directed to his last known address. In the event the board finds that such probable cause exists and that the charge, if credited, is sufficient to warrant a dismissal or reduction of salary, then it shall forward such written charge to the commissioner for a hearing pursuant to N.J.S. 18A:6-16, together with a certificate of such determination. Provided, however, that if the charge is inefficiency, prior to making its determination as to certification, the board shall provide the employee with written notice of the alleged inefficiency, specifying the nature thereto, and allow at least 90 days in which to correct and overcome the inefficiency. The consideration and actions of the board as to any charge shall not take place at a public meeting.
It is undisputed that the Board is required to conduct its proceedings in closed session when addressing the conduct of Dr. Williams and whether probable cause exists for his dismissal or a reduction in salary. See Cirangle v. Maywood Bd. of Educ., 164 N.J.Super. 595, 602, 397 A.2d 400 (Law Div.1979) (stating that "[c]lear and specific language" in the Tenure Employees Hearing Law prohibits consideration and action at public meetings and finding that tenured superintendent was not entitled to a public hearing before board of education, despite superintendent's written demand that the charges against him be aired publicly).
Once the Board determines that such probable cause exists and that the charge warrants dismissal, the Board is required to forward the "written charge to the commissioner for a hearing pursuant to N.J.S. 18A:6-16, together with a certificate of such determination." N.J.S.A. 18A:6-11.
*814 Dr. Williams contends that, under the Tenure Employee Hearing Law, the Board can only act on these documents in closed session. Therefore, he argues, it undermines the closed session activity of the Board and the privacy rights of the employee if the tenure charge documents are exposed to public view.
The action of the Board resembles that of a grand jury, which holds its proceedings out of the public view and in secrecy. In re Tenure Hearing of Cowan, 224 N.J.Super. 737, 746, 541 A.2d 298 (App. Div.1988). However, that does not exempt the criminal complaint that is filed from being viewed by and accessible to the public prior to grand jury action. See also Executive Order No. 69 (1997) (providing that, within twenty-four hours or sooner of a request for such information, if practicable, "information as to the text of any charges, such as the complaint" shall be available to the public, "unless the release of such information is contrary to existing law or court rule[ ]"). The criminal complaint made by a private citizen must be made under oath or by certification before a judge or other person authorized by law to take complaints if an arrest warrant is to issue. R. 3:2-1; R. 3:3-1(a). The basis for so doing is that a complaint be issued on a determination that probable cause has been shown that a crime has been committed and that that particular person should be held to answer. Where a complaint is made by a law enforcement officer charging any offense, it may be issued without a finding of probable cause by a judicial officer. R. 3:3-1(a). Dr. Williams contends that there is no equivalent procedure with respect to tenure charges.
Not so. Under N.J.S.A. 18A:6-11, any charge made against an employee shall be filed with the secretary of the Board in writing, and a "written statement of evidence under oath to support such charge shall be presented to the board." (Emphasis added). While there is no individual reviewing whether the charge meets some minimum showing before the charge proceeds further, the requirement that the supporting statement be under oath parallels that of a criminal complaint. Furthermore, if the charge is initiated by the Board, it would be similar to a law enforcement officer issuing a complaint. We find the analogy between a grand jury proceeding and the Board's closed session for a determination of probable cause to be compelling. In both instances the initial complaint or tenure charge document is accessible to the public, although the proceeding to determine whether probable cause has been shown is not.
Dr. Williams asserts that, even if the tenure charge documents were considered "public records" because of the requirement that they be filed with the Board's secretary, they have been excepted from disclosure by virtue of Executive Order No. 11, issued by Governor Byrne in 1974, which modified Executive Order No. 9, issued by Governor Hughes in 1963. Executive Order No. 11 provides in pertinent part:
2. Except as otherwise provided by law or when essential to the performance of official duties or when authorized by a person in interest, an instrumentality of government shall not disclose to anyone other than a person duly authorized by this State or the United States to inspect such information in connection with his official duties, personnel or pension records of an individual, except that the following shall be public:
a. An individual's name, title, position, salary, payroll record, length of service in the instrumentality of government and in the government, date of separation from government service and the reason therefor; and the amount and type of pension he is receiving[.]
Plaintiff's reliance on Executive Order No. 11 is misplaced. That order protects the personnel or pension records of an individual from wholesale accessibility. Certain information can be disclosed and is expressly enumerated. Here, the tenure charge documents are filed with the Board. There is nothing which indicates *815 that the documents are required to be kept in Dr. Williams's personnel file. Moreover, the limitations on disclosure of personnel records under the Executive Order is expressly subject to the proviso "[e]xcept as otherwise provided by law...." Here, it is required by law that tenure charge documents be filed with the secretary of the Board. Thus, the exception to Executive Order No. 11 applies.
We are satisfied that the tenure charge documents filed with the Board's secretary pursuant to N.J.S.A. 18A:6-11 are "public records" within the meaning of the Right-to-Know-Law. We find no valid exception to the public record requirement. The documents were, therefore, accessible on filing. We reverse the order denying disclosure of the filed tenure charge documents.
Reversed.