156 N.J. Super. 182 (1978)
383 A.2d 736
JACQUES CRIFASI AND EDWARD VANDERBECK, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
GOVERNING BODY OF THE BOROUGH OF OAKLAND AND JAMES MULCAHY, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1977.
Decided February 1, 1978.
*184 Before Judges LYNCH, BISCHOFF and KOLE.
Mr. Alfred J. Villoresi argued the cause for defendants-appellants and cross-respondents (Messrs. Villoresi and Buzak, attorneys).
Mr. Malcolm Blum argued the cause for plaintiffs-respondents and cross-appellants (Messrs. Carlton & Blum, attorneys).
Mr. William F. Hyland, Attorney General, filed a brief as amicus curiae on behalf of the State of New Jersey (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Larry Filler, Deputy Attorney General, on the brief).
The opinion of the court was delivered by LYNCH, P.J.A.D.
Defendants appeal from a judgment of the Law Division, reported at 151 N.J. Super. 98 (1977), which held that the appointment of defendant James Mulcahy to fill a vacancy in the Oakland Borough Council at a regularly scheduled work session of that body on May 4, 1977 was invalid because it violated the Open Public Meetings Act, N.J.S.A. 10:4-6 et seq. (hereafter, "Sunshine Law"). Plaintiffs cross-appeal from that portion of the judgment which held that a citizen's group in the borough, known as the "Independent Party" and which included plaintiff Jacques Crifasi, did not constitute a political party within the meaning of the Municipal Governing Body Vacancy Law, N.J.S.A. 40:45B-1 et seq. (hereafter, "Vacancy Law"). That law requires, among other things, that any person appointed by the governing body to fill a vacancy in that body "shall be of the same political party" as the previous incumbent. N.J.S.A. 40:45B-3.
Substantially for the reasons stated in the opinion below, we affirm that part of the judgment which holds that the "Independents" do not constitute a political party within the meaning of the Vacancy Law.
*185 With regard to the issue under the Sunshine Law, we note that on June 1, 1977, subsequent to the trial judge's decision, Mulcahy was reappointed to fill the vacancy involved. Since there is no contention that the reappointment was illegal, any question concerning the prior appointment may be said to be moot. However, because many public bodies, state and local, as demonstrated by the Attorney General's interest herein, are in need of guidance as to the proper construction of the Sunshine Law, we reach the merits of that issue. See Dunellen Bd. of Ed. v. Dunellen Ed. Ass'n, 64 N.J. 17, 22 (1973); John F. Kennedy Memorial Hospital v. Heston, 58 N.J. 576, 579 (1971). Hereafter, all references to Mulcahy's "appointment" shall be understood to refer to his first appointment at the meeting of May 4, 1977, as though that issue were not moot.
Plaintiffs contend that "adequate notice" of the meeting was not given as required by N.J.S.A. 10:4-9(a) and N.J.S.A. 10:4-8(d). N.J.S.A. 10:4-9(a) declares that no public body shall hold a meeting unless adequate notice is given to the public. N.J.S.A. 10:4-8(d) provides the following definition of adequate notice:
d. "Adequate notice" means written advance notice of at least 48 hours, giving the time, date, location and, to the extent known, the agenda of any regular, special, or rescheduled meeting, which notice shall accurately state whether formal action may or may not be taken * * *. [Emphasis supplied]
That section further provides that if the public body has published an annual schedule of meetings pursuant to N.J.S.A. 10:4-18, "no further notice shall be required for such meeting."
It is conceded that the May 4 meeting was a "regular" meeting, listed on the annual schedule of meetings and duly publicized in accordance with N.J.S.A. 10:4-18. Plaintiffs contend, however, that defendant published an agenda for that meeting which "did not include, infer, or suggest that any nomination, discussion, or appointment of *186 a person to replace resigned councilman Crifasi would take place." This, too, is conceded. Therefore, the issue for resolution is whether a public body may consider a matter at a regularly scheduled meeting, for which annual notice has been given, where a separate agenda for the meeting has been provided which does not reflect that matter. The trial judge answered this question in the negative. We disagree and reverse on this issue.
First, there is no requirement in the Sunshine Law that an agenda need be published prior to a regularly scheduled meeting. N.J.S.A. 10:4-18 only requires that the annual schedule of such meetings "shall contain the location of each meeting to the extent it is known, and the time and date of each meeting." Second, as noted, N.J.S.A. 10:4-8(d) provides that where the annual notice lists a scheduled meeting, "no further notice shall be required for such meeting."
Despite this language, the trial judge held that where an agenda is issued for a regularly scheduled meeting, the public body may not act upon any matters not listed therein. There is nothing in the Sunshine Law which supports this conclusion. The sense of the cited provisions  as to regular meetings  is that once annual notice has been given in accordance with N.J.S.A. 10:4-18, the public body has met the mandate of the Sunshine Law. Even as to nonregular meetings where the 48-hour notice is required, the agenda must only be provided "to the extent known." N.J.S.A. 10:4-8(d). If the agenda of the nonregular meetings does not limit the matters to be considered, except to the extent known, it is apparent that an agenda issued prior to a regular meeting does not restrict the scope of that meeting.
This interpretation of the act is in full accord with the legislative intention underlying its passage. N.J.S.A. 10:4-7 declares that it is "the right of the public to be present at all meetings of public bodies, and to witness in full detail all phases of the deliberation, policy formation, and decision making of public bodies * * *." By virtue *187 of the Sunshine Law, the Legislature sought to eliminate "secrecy in public affairs * * *." Id. See generally, Polillo v. Deane, 74 N.J. 562 (1977). Where, as here, the public body has given adequate advance notice of its regular meetings, as provided by statute, these obectives are achieved.
We conclude that the trial judge's construction of the Sunshine Law to the effect that where an agenda is issued as to a regular meeting only matters listed thereon may be considered, would lead to an anomalous result, i.e., that while a public body which holds a regular meeting without an agenda at all may act upon any matter, public bodies which have, without statutory compulsion, published a separate agenda for such meetings, would be limited to the matters listed in that agenda. Such a rule would encourage public bodies not to issue any agendas for regular meetings, thus defeating the legislative purpose of increasing the public's awareness of governmental processes. Polillo v. Deane, supra.
Of course, if it can be shown that the omission in an agenda for a regular meeting was intentional and was designed to deceive the public, a statutory violation thereby arises. No statute should be construed so as to permit its purpose to be defeated by evasion. Grogan v. DeSapio, 19 N.J. Super. 469, 477 (Law Div. 1952), aff'd 11 N.J. 308 (1953). Also, it has long been settled that where municipal officials violate the law either in substance or in form, the court will provide a remedy. Grogan v. DeSapio, 15 N.J. Super. 604, 612 (Law Div. 1951); Blair v. Brady, 11 N.J. Misc. 854, 857 (Sup. Ct. 1933); see 2 McQuillin, Municipal Corporations, § 10.37 (1966).
In the present case there is no contention that the governing body of Oakland made the appointment of Mulcahy in bad faith. Indeed, the affidavit of Mayor Bauer indicates that he originally intended to appoint Mulcahy at the next public meeting, but changed his mind when he learned at the work session that no quorum would be present at the public session. This action is perfectly consistent with the duty of the governing body to fill the vacancy "expeditiously *188 and thereby carry on the business of the community whole." In re Appointment to Rutherford Borough, 140 N.J. Super. 328, 331 (Law Div. 1976).
Therefore, in light of the legislative mandate under N.J.S.A. 10:4-18 and N.J.S.A. 10:4-8(d), we conclude that the trial judge erred in holding that any action taken at a regular meeting by a municipal governing body which is not listed on a published agenda is per se void. Only where it can be shown that the governing body published an agenda calculated to mislead the public or otherwise intentionally omitted items from the agenda which it knew would be acted upon, should the action be voided. Cf. Allen v. Public Utility Dist. No. 1 of Thurston Cty., 55 Wash.2d 226, 347 P.2d 539 (Sup. Ct. 1959).
The judgment holding Mulcahy's appointment at the May 4 meeting void as in violation of the Sunshine Law is reversed.