ANGELA OLIVERI, YVONNE FOYTLIN, THOMAS ANGELO, SHARON PETTIGANO, RICHARD TREVISON AND BECTON EDUCATION ASSOCIATION, APPELLANTS, v. CARLSTADT-EAST RUTHERFORD REGIONAL BOARD OF EDUCATION, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 22, 1978—Decided June 13, 1978.

132

Before Judges ALLCORN, HORN and FURMAN.

*Mr. Gerald M. Goldberg* argued the cause for appellants (*Messrs. Goldberg & Simon,* attorneys; *Mr. Louis P. Bucceri* on the brief).

*Mr. Irving C. Evers* argued the cause for respondent (*Mr. Dennis A. Maycher,* attorney).

The opinion of the court was delivered by

FURMAN, J. S. C. (temporarily assigned). Plaintiffs appeal from summary judgment (*R.* 4:46) dismissing their complaint in a prerogative writ action challenging a resolution adopted by defendant board at a public meeting on April 13, 1977. The resolution provided that the contracts of six nontenured teachers, including four plaintiffs, would not be renewed for the 1977–78 school year. Plaintiffs' reliance is upon the Open Public Meetings Act, *N. J. S. A.* 10:4–6 *et seq.*

The pertinent section of that act is *N. J. S. A.* 10:4–12(b),(8), which vouchsafes two rights to a public employee who may be adversely affected by a personnel action or decision of his employer: (1) a right to privacy, that is, to a nonpublic discussion at a closed meeting, and (2) a right to a public discussion at an open meeting upon his request in writing. A public discussion in this sense is not an evidentiary hearing with the right to a specification of charges, to cross-examine and to other procedural safeguards. *N. J. S. A.* 10:4–12(b)(8) is as follows:

A public body may exclude the public only from that portion of a meeting at which the public body discusses:

\*      \*      \*      \*      \*      \*      \*      \*

Any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of the performance of, promotion or disciplining of any specific prospective public officer or employee or current public officer or employee employed or appointed by the public body, unless all the individual employees or appointees whose rights could be adversely affected request in writing that such matter or matters be discussed at a public meeting.

We agree with *Rice v. Union Cty. Reg. High School Bd. of Ed.,* 155 *N. J. Super.* 64 (App. Div. 1977), that the right to request a public discussion of a personnel matter

presupposes notice to an employee who may be adversely affected and that the right to privacy is personal and cannot be waived except by the employee himself.

We must, therefore, determine whether the trial judge correctly held on the record before him that the April 13 resolution should not be invalidated on the ground that the Open Public Meetings Act was violated.

Plaintiffs' argument on this appeal rests upon the alleged invalidity of a nonpublic meeting of defendant board on March 24, 1977, at which renewal of their contracts was discussed without notice to them. No formal resolution was adopted to exclude the public from that closed session, despite the requirement of *N. J. S. A.* 10:4–13:

> No public body shall exclude the public from any meeting to discuss any matter described in subsection 7.b. [*N. J. S. A.* 10:4–12 (b)] until the public body shall first adopt a resolution, at a meeting to which the public shall be admitted:
> a. Stating the general nature of the subject to be discussed; and b. Stating as precisely as possible, the time when and the circumstances under which the discussion conducted in closed session of the public body can be disclosed to the public.

Plaintiffs contend that the resolution of April 13, which is challenged, merely ratified the allegedly invalid action taken at the nonpublic meeting of March 24, citing *Polillo v. Deane,* 74 *N. J.* 562 (1977).

Preceding the nonpublic meeting of March 24 two public meetings were held by defendant board, one at 7:30 p.m. in the board conference room and the other at 8:00 p.m. in the high school library. Notice of these meetings was duly published in accordance with *N. J. S. A.* 10:4–9. The agenda for the first meeting included "personnel." The purpose of the later meeting was "to adopt a resolution regarding personnel." The resolution there adopted set forth:

> 1. All employees shall take notice that possible reductions in staff may occur as a result of the aforesaid limited funding available for our 1977–1978 school year.

2. All employees that are affected by this reduction in staff will be notified on or before April 15, 1977, and in accordance with law.

At the conclusion of the second public meeting defendant board's president made a public announcement that the board would retire into executive closed session "with regard to matters concerning personnel" and that copies of the minutes of the closed session would be made available at a later date upon request. Other than the omission of the formality of a board resolution, the convening of the nonpublic meeting complied with *N. J. S. A.* 10 :4–13.

Notice was also duly published for the meeting of April 13. The agenda incorporated in the notice included personnel matters.

Based on all the foregoing facts plaintiffs assert that the resolution of April 13 should be invalidated because of the denial of their statutory rights to notice and an opportunity to request a public discussion whether their contracts should be renewed. We disagree and conclude that, viewing plaintiffs' claim, in the most favorable light, they suffered no such denial of statutory rights. Granting each of them the right to a public discussion upon written request,[1] there was adequate notice to them under all the circumstances and specifically by the resolution of March 24 that final board action not to renew several nontenured teachers' contracts, because of budget limitations, would be considered at the April 13 meeting and that as nontenured teachers they might be adversely affected. The right to a public discussion upon written request was available to each of them but no such individual request was made. Nor was

---

[1] *N. J. S. A.* 10 :4–12(b) (8) requires a nonpublic meeting unless all of the individual employees whose rights could be adversely affected request a public discussion in writing. Where the contracts of several employees may not be renewed we construe the above language as not foreclosing each employee from the right to a public discussion of his individual matter, irrespective of whether any of the others request a public discussion of their individual matters.

any request made subsequent to April 13 for a statement of reasons for nonretention of any plaintiff or for an informal hearing, both rights available to nontenured teachers whose contracts are not renewed according to *Donaldson v. North Wildwood Bd. of Ed.*, 65 *N. J.* 236 (1974).

*Polillo v. Deane, supra,* is distinguishable. The Supreme Court there invalidated official action ratifying a decision reached in meetings held in violation of the Open Public Meetings Act. The right of public employees to privacy in the discussion of personnel matters and the right to waive that privacy were not involved in *Polillo*.

■ We conclude that the resolution of April 13, which is challenged, was adopted at a meeting in conformity with the Open Public Meetings Act and that, even assuming the invalidity under the act of the nonpublic meeting of March 24 because of lack of notice to plaintiffs or lack of a formal resolution, that invalidity was cured by adequate notice to plaintiffs and the opportunity to request a public discussion at the April 13 meeting.

We therefore affirm.