163 N.J. Super. 32 (1978)
394 A.2d 145
JOSEPH DUNN, PLAINTIFF-APPELLANT,
v.
MAYOR AND COUNCIL AND CLERK OF THE BOROUGH OF LAUREL SPRINGS AND MICHAEL KEATING, CLERK OF CAMDEN COUNTY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 5, 1978.
Decided October 18, 1978.
*33 Before Judges LYNCH, CRANE and HORN.
Messrs. Thompson & Effner, attorneys for appellant (Mr. Jon R. Effner on the brief).
Mr. Herschel Kozlov, attorney for respondent Borough of Laurel Springs.
*34 PER CURIAM.
Plaintiff appeals from the trial judge's determination that the appointment of a registered Democrat by the borough council to fill a vacancy thereon, pursuant to N.J.S.A. 40:45B-2, was not void for failure to comply with the Open Public Meetings Act, N.J.S.A. 10:4-6 et seq. (Sunshine Law).
The appointment terminated at the time of the November 1977 election and therefore the question of the validity of the appointment per se is moot. Nevertheless, since the "Sunshine Law" is of rather recent enactment and state and local bodies need guidance as to the proper construction of that act, that need justifies treatment of the moot issue. Cf. Crifasi v. Oakland Governing Body, 156 N.J. Super. 182 (App. Div. 1978).
We reject defendants' contention that a meeting "recessed" from one day to the next day may be resumed on the following day without any new notice to the public. The clear intent of the act is to allow adequate notice of all public meetings (N.J.S.A. 10:4-7). Where no emergency exists, adequate notice in conformity with the statute (N.J.S.A. 10:4-9(a) and 10:4-8(d)) must be given. Even in emergency situations, the act specifically provides a substituted manner for giving notice. N.J.S.A. 10:4-9(b).
Defendants' alternate contention, that the meeting was "adjourned" and therefore they need only comply with the notice provisions of N.J.S.A. 10:4-8(d) "to the greatest extent possible under the circumstances," rests on the existence of this statement in the "Guidelines on the Open Public Meetings Law," 98 N.J.L.J. 1081, 1084 (1975). We do not think the "Guidelines" are particularly persuasive in this matter. We cannot accept the suggestion that anything less than the statutorily defined "adequate notice" may be given in a nonemergency situation.
There is no indication that these "Guidelines" were promulgated by the Attorney General, whose interpretation would be persuasive with this court (N.J.S.A. 52:17A-4(e); Evans-Aristocrat Industries, Inc. v. Newark, 140 N.J. Super. *35 226, 229 (App. Div. 1976), aff'd 75 N.J. 84 (1977)), or by any person who had special knowledge of the legislative intent. We will not follow the path set down in the "Guidelines," i.e., creation of an exception to notice requirements, absent clear necessity, because the act requires strict adherence to the letter of the law. Polillo v. Deane, 74 N.J. 562, 578 (1977); cf. Rice v. Union Cty. Reg. High School Bd. of Ed., 155 N.J. Super. 64, 70 (App. Div. 1977), certif. den. 76 N.J. 238 (1978). Moreover, the act itself is silent on notice problems of an adjourned meeting.
The only impetus that would necessitate a public body calling a meeting without 48-hour notice is the appearance of an emergency. In those cases N.J.S.A. 10:4-9(b) sets forth the proper procedure to be followed in calling an emergency meeting and giving notice of it. If no emergency exists, there is no reason not to give adequate notice, under N.J.S.A. 10:4-8(d), of a special meeting.
We reject the notion that an emergency existed here. N.J.S.A. 10:4-9(b) allows an emergency meeting to be held where
(1) such meeting is required in order to deal with matters of such urgency and importance that a delay for the purpose of providing adequate notice would be likely to result in substantial harm to the public interest * * *.
The Attorney General has defined an emergency situation in terms of a "crisis." He states further, "It may be that the need for such a meeting is great but the emergency not of such nature as to require an immediate meeting." Attorney General Formal Opinion No. 29 (1976) at 8 (emphasis supplied).
The alleged "substantial harm" that would have resulted from the failure to call an "emergency" meeting here would have been the holding of a municipal election at the cost of $1,200. Such election would have been necessitated by the council's failure to fill that body's vacancy within 30 days, as required by N.J.S.A. 40:45B-2. The council had had *36 one meeting on this matter two days before the meeting in question but had been unable to break a tie vote. The meeting in question was held on the last day of the 30-day limit for appointment.
Certainly the holding of an election, part of the democratic process, does not constitute a harm as designated by the statute. Neither does the expenditure of $1,200 to finance the election constitute "substantial" harm, especially when balanced against the harm done from failing to give adequate notice to the public.
In any event, the council failed even to comply with the notice provisions of the emergency section of the act, N.J.S.A. 10:4-9(b) (3), only notifying newspapers of the meeting the day after the meeting was held and three days after the meeting was "called" by vote of three-quarters of the members of the council. Further, the council failed to make an announcement of the fact that the meeting constituted an emergency and enter that announcement in the minutes. N.J.S.A. 10:4-10.
Appeal dismissed.