**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1589-15T3

JEFFREY S. FELD, ESQ.,

    Plaintiff-Appellant,

v.

THE CITY OF ORANGE TOWNSHIP,
WALTER G. ALEXANDER VILLAGE
URBAN RENEWAL I, LLC, WALTER
G. ALEXANDER VILLAGE URBAN
RENEWAL II, LLC, and THE
HOUSING AUTHORITY OF THE
CITY OF ORANGE,

    Defendants-Respondents,

and

STATE OF NEW JERSEY, OFFICE OF
THE STATE COMPTROLLER, NEW
JERSEY DEPARTMENT OF COMMUNITY
AFFAIRS, COUNTY OF ESSEX, ORANGE
BOARD OF EDUCATION, ORANGE HOUSING
DEVELOPMENT CORPORATION, AJD
CONSTRUCTION, POWER ELECTRIC CO.,
INC., F & G MECHANICAL CORP., and
MEADOWLANDS FIRE PROTECTION CORP.,

    Defendants.

---

Argued February 7, 2018 – Decided July 27, 2018

Before Judges Fuentes, Koblitz, and Suter.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0193-11.

Jeffrey S. Feld argued the cause pro se.

Robert D. Kretzer argued the cause for respondent The City of Orange Township (Lamb Kretzer, LLC, attorneys; Robert D. Kretzer, on the brief).

Demetrice R. Miles argued the cause for respondents The Housing Authority of the City of Orange, Walter G. Alexander Urban Renewal I, LLC and Walter G. Alexander Urban Renewal II, LLC (McManimon, Scotland & Baumann, LLC, attorneys; Demetrice R. Miles, on the brief).

PER CURIAM

We remanded one issue in this case to the trial court in March 2015. See Feld v. The City of Orange Twp., Nos. A-3911-12, A-4880-12 (App. Div. March 26, 2015). Following that remand, plaintiff Jeffrey S. Feld appeals the November 30, 2015 order that entered judgment against him in favor of defendant, the City of Orange Township, and other defendants.[1] He also appeals from the

---

[1] Defendants include the City of Orange Township; Walter G. Alexander Village Urban Renewal I, LLC; Walter G. Alexander Village Urban Renewal II, LLC; and the Housing Authority of the City of Orange and other "post-commencement notice defendants" that included the State of New Jersey; Office of the State Comptroller; New Jersey Department of Community Affairs; County of Essex; Orange Board of Education; Orange Housing Development Corporation; AJD Construction; Power Electric Co,. Inc.; F & G Mechanical Corp.; and Meadowlands Fire Protection Corp.

trial court's July 23, 2015 post-remand supplemental case management order that set a briefing schedule to decide the remanded issue without a plenary hearing. We affirm.

On July 26, 2011, plaintiff filed a five-count amended verified complaint in lieu of prerogative writs against defendants.[2] Count three of the complaint sought to void Resolution 345-2010 (Resolution), which was a resolution[3] approved by the City Council of defendant City of Orange Township (City Council) on December 21, 2010. It approved a settlement of outstanding water and sewer bills from 2004 to 2008, for two Housing Authority of the City of Orange (HACO) properties. The complaint alleged that the City Council did not comply with the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21, in approving the Resolution because it did not give notice or an opportunity for the public to be heard on the Resolution and did not list or include it in its agenda packet prior to the meeting. Plaintiff also alleged that he was not allowed to address the City Council about the Resolution at its December 21, 2010 meeting

---

[2] Other counts that are not involved here regard tax exemptions for two urban renewal entities: Walter G. Alexander Village Urban Renewal I and II.

[3] Plaintiff refers to Resolution 345-2010 as a "walk-on" resolution, apparently referencing that the Resolution was not on the agenda ahead of the December 21, 2010 meeting.

because the Resolution was added "after the close of citizens' and [C]ouncil comments." He claimed the Resolution was "ultra vires, arbitrary, unreasonable, capricious and [an] unlawful act in derogation of public policy" and requested declaratory and injunctive relief.

On February 8, 2013, the trial court dismissed plaintiff's complaint for lack of standing. He appealed. On March 26, 2015, we affirmed the dismissal of all counts of plaintiff's amended complaint except for the claimed violation of the OPMA involving Resolution 345-2010 under count three. See Feld, Nos. A-3911-12, A-4880-12. We agreed with plaintiff that "he ha[d] statutory standing to challenge compliance of the Township Council with OPMA when it adopted the water and sewer resolution on December 21, 2010." Feld, slip op. at 14-15.

In our remand, we made clear the single claim that remained was whether "any remedy afforded to [plaintiff] actually resolved the OPMA claims of his complaint." Id. at slip op. 15. We remanded "to the trial court to address more precisely whether an OPMA challenge remained in the case when the court issued its decision and order of dismissal." Ibid. If any part of the OPMA remained, we held that plaintiff had standing to pursue "that single claim," which was "[w]hether [the] [R]esolution on 12/21/10 compromising outstanding water and sewer fees for the developer

(from $700,000 to $200,000) violated the [OPMA]." Id. at slip op. 6, 15.

The trial court held a post-remand case management conference on July 23, 2015, issuing a supplemental case management order that set a briefing schedule for the parties and "indicated its inclination not to hold a plenary evidentiary hearing." After consideration of the submissions, the trial court entered a final judgment on November 30, 2015, in favor of defendants and against plaintiff. On the judgment, the court wrote by hand that it did not "require any post-remand testimony because it believed that the record presented it with an issue it had to decide as a matter of law." That judgment referenced the court's written opinion dated October 15, 2015.

In the court's written opinion, it found plaintiff had not waived his OPMA claim regarding Resolution 345-2010. However, this claim was "not correct as a matter of law" because City Council did not violate the OPMA at its December 21, 2010 meeting by approving the Resolution.

On appeal, plaintiff alleges that the trial court erred by entering judgment against him. He claims he was deprived of procedural due process, should have received an adverse inference in his favor based on spoliation of evidence, the Resolution was void based on constitutional and statutory provisions and case

law, that the interest of justice required this result, and that he had standing.

We generally defer to the factual findings of the trial court when there is substantial credible evidence in the record to support them. N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

OPMA "established procedures governing the conduct of meetings of public bodies." Kean Fed'n of Teachers v. Morell, __ N.J. __, __ (2018) (slip op. at 3). It made "explicit the legislative intent to ensure the public's right to be present at public meetings and to witness government in action." Ibid. (citing N.J.S.A. 10:4-7). "That legislative intent is balanced by an express recognition that public bodies must be allowed to exercise discretion in determining how to perform their tasks . . . ." Ibid. (citing N.J.S.A. 10:4-12(a)). OPMA "should be 'liberally construed in order to accomplish its purpose and the public policy of this State.'" McGovern v. Rutgers, 211 N.J. 94, 99-100 (2012) (quoting N.J.S.A. 10:4-21).

Under OPMA, "no public body shall hold a meeting unless adequate notice thereof has been provided to the public," although

there are statutory exceptions that do not relate to the issue here. N.J.S.A. 10:4-9. The Act defines "adequate notice" as "written advance notice of at least [forty-eight] hours, giving the time, date, location and, to the extent known, the agenda of any regular, special or rescheduled meeting, which notice shall accurately state whether formal action may or may not be taken." N.J.S.A. 10:4-8(d). That section "deals with the notice requirements to be provided in advance of a meeting[.]" McGovern, 211 N.J. at 109. "N.J.S.A. 10:4-8 requires a public body to include in its notice of an upcoming meeting the agenda of that meeting 'to the extent known.'" Id. at 111.

In Crifasi v. Governing Body of Oakland, 156 N.J. Super. 182, 188 (App. Div. 1978), we rejected the notion that "any action taken at a regular meeting by a municipal governing body which is not listed on a published agenda is per se void." We held that "[o]nly where it can be shown that the governing body published an agenda calculated to mislead the public or otherwise intentionally omitted items from the agenda which it knew would be acted upon, should the action be voided." Ibid.

Plaintiff contends that Resolution 345-2010 violated the OPMA because it was not on the City Council's December 21, 2010 agenda. Plaintiff did not allege, nor does the record show, that the agenda for that meeting intentionally omitted this item or was intended

7

to mislead the public about it. This case is not similar to McGovern where that Board knew when it publicized the notice of a special meeting that "more was known about the extent of the proposed agenda than what was conveyed." McGovern, 211 N.J. at 111. Plaintiff made no such allegation here. He offered no evidence the published agenda for the December 21, 2010, City Council meeting was prepared with knowledge that the City Council would be considering the water and sewer adjustment resolution. In fact, the record showed the opposite. At least one Council member did not support the Resolution because he did not have the opportunity to review the information. Another Council member indicated that no one contacted him about the Resolution. The Business Administrator told the City Council he had only completed the supporting memorandum "last week" and then gave it to his secretary to type. Therefore, we agree with the trial court that defendants did not violate the OPMA when the City Council approved Resolution 345-2010.

Plaintiff was present at the meeting and addressed the City Council for ten minutes on other issues as permitted by its procedures. With his ten minutes having been used, plaintiff shouted out "OPMA" and then sat down regarding Resolution 345-2010. We discern no violation of the OPMA. "[P]ublic bodies are given discretion in how to conduct their meetings." Kean, __ N.J.

__ (slip op. at 5) (citing N.J.S.A. 10:4-12(a)). "Nothing in this act shall be construed to limit the discretion of a public body to permit, prohibit, or regulate the active participation of the public at any meeting, except that" municipal governing bodies and local boards of education are required to set aside time for public comment." N.J.S.A. 10:4-12(a)).

The water and sewer adjustment resolution was the only matter subject to our remand. In our prior opinion in this case, we held that plaintiff did not have standing to challenge certain long-term tax abatement ordinances. To the extent that plaintiff tries to raise those issues again, he is precluded. The issues are res judicata, having already been the subject of our review and decided adverse to the plaintiff. Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 606-07 (2015).

We need only comment briefly regarding plaintiff's additional arguments. The trial court did not consider whether plaintiff was an "aggrieved person." Plaintiff's argument about this was simply irrelevant. Plaintiff's claim that the court erred by deciding this on the papers submitted is without any merit. The facts were not disputed; the legal issue raised did not require a plenary hearing.

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiff's further arguments are

without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1589-15T3