NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0320-19T1

EDISON BOARD OF
EDUCATION,

    Plaintiff-Appellant,

v.

ZONING BOARD OF
ADJUSTMENT OF THE
TOWNSHIP OF EDISON and
MARKIM DEVELOPERS, INC.,

    Defendants-Respondents.

_____

> **APPROVED FOR PUBLICATION**
>
> **July 22, 2020**
>
> **APPELLATE DIVISION**

Submitted June 1, 2020 – Decided July 22, 2020

Before Judges Messano, Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3666-19.

Scarinci & Hollenbeck LLC, attorneys for appellant (Peter R. Yarem and Rachel Elizabeth Simon, of counsel and on the briefs).

Bhavini Tara Shah, attorney for respondent Zoning Board of Adjustment of the Township of Edison.

Brown Moskowitz & Kallen, PC, attorneys for respondent Markim Developers, LLC (Richard S. Schkolnick, of counsel and on the brief).

The opinion of the court was delivered by

MESSANO, P.J.A.D.

On March 26, 2019, the Edison Township Zoning Board of Adjustment (Board) held a hearing to consider the development application filed by Markim Developers, LLC (Markim), which sought a use and various bulk variances to construct two, four-family residential buildings, as well as preliminary and final site plan approval. The Board approved the application, and, at its April 30, 2019 meeting (the April 30 meeting), adopted a memorializing resolution reflecting its approval.

Plaintiff, Edison Board of Education (BOE), then filed a complaint in lieu of prerogative writs. In the first count, the BOE alleged the April 30 meeting violated the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21, because the Board's agenda "neither . . . listed or otherwise provided notice of the adoption of a resolution[.]" The BOE claimed in count two that the Board's approval of the variances was arbitrary, capricious and unreasonable.

Markim filed a responsive pleading, but the Board filed a motion to dismiss in lieu of filing an answer, asserting that the BOE lacked standing to

bring the suit.[1]  Shortly thereafter, Markim filed its own motion seeking dismissal on the same grounds.

The Law Division judge considered argument on the motions before rendering an oral opinion dismissing the complaint with prejudice. The judge's August 7, 2019 order was supplemented with a written statement of reasons supporting dismissal. The judge rejected the BOE's rationale for why it had standing to challenge the Board's approvals under the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163. Succinctly stated, the BOE asserted the school district was overcrowded and permitting further multi-family residential development would only exacerbate the problem. The judge reasoned that the BOE had no possessory interest in the property or adjacent property that would be adversely affected by the development, "nor ha[d the BOE] alleged that the action taken by the [Board] create[d] a likelihood of substantial harm to it, as a body." (Emphasis added). The judge concluded, "The issue of overcrowding or its effect on a thorough and efficient education

---

[1]  The Board's motion to dismiss the OPMA count was apparently brought pursuant to Rule 4:6-2(e), although, as we explain, the motion relied on materials outside the four corners of the BOE's complaint. The court did not announce it was treating the motion as one seeking summary judgment, see ibid., none of the parties objected and, as we note later, the court applied the appropriate standard pursuant to Rule 4:46.

is not before this court, nor is it a proper subject to consider in granting standing in zoning cases." He dismissed count two of the complaint.

The judge then addressed the alleged OPMA violation. He noted that the Board prepared two agendas: one available on the township's website prior to the meeting date; and, a second, which the BOE obtained through a records request under the Open Public Records Act, N.J.S.A. 47:1A-1 to -13, posted by the Board's secretary on the door of the meeting room prior to the April 30 meeting.[2] The judge concluded that "the website publication [was] not official but informative only." He determined that obviously the BOE had notice of the April 30 meeting, because its counsel attended. However, citing our decision in Crisafi v. Governing Body of Oakland, 156 N.J. Super. 182 (App. Div. 1978), the judge concluded, "Publication of an incomplete agenda of a

---

[2] The judge noted a potential factual dispute as to whether the memorializing resolution was an item on the agenda posted on the door the night of the April 30 meeting. The motion record contained a certification from the BOE's counsel, who attended the April 30 meeting and said both the notice on the website and the notice on the door omitted any reference to the memorializing resolution. The Board's acting secretary's certification attached a true and accurate copy of the agenda, which listed the memorializing resolution. In his written supplemental statement, the judge did not resolve the factual dispute as to whether the agenda posted on the boardroom door on the night of the hearing contained the memorializing resolution as one of its items. Instead, the judge said his "decision [was] based upon the contention that the posted agenda did not specifically list the memorializing resolution for adoption." See R. 4:46-2(c) (requiring the court on summary judgment to consider the evidence and all inferences "favoring the non-moving party," here, the BOE).

regular meeting does not violate the [OPMA] unless the omission was intentional and designed to deceive the public." He noted the BOE never alleged the Board acted with intent to deceive.

Citing Witt v. Gloucester Cty. Bd. of Chosen Freeholders, 94 N.J. 422 (1983), the judge also reasoned that once the Board published its annual list of scheduled meetings, the OPMA did not require "further notice" for each meeting. He determined that the OPMA's definition of "meeting" required that the "gathering" of the Board's members be held "with the intent . . . to discuss or act as a unit upon the specific public business of that body." (Quoting N.J.S.A. 10:4-8). Citing N.J.S.A. 40:55D-10(g)(2), the judge concluded that "[a] memorializing resolution is not an 'action' taken by the . . . Board as intended under [the] OPMA."[3] He dismissed the first count of the complaint.

The BOE appealed, essentially reiterating the arguments it made before the Law Division judge and urging us to reverse the order dismissing the complaint. The Board and Markim moved to dismiss the appeal only with respect to the BOE's challenge to the approval of the development application, because the BOE lacked standing. We denied the motions without prejudice to consideration of the issue by this panel, and, both the Board and Markim have

---

[3] N.J.S.A. 40:55D-10(g)(2) provides: "The vote on any such [memorializing] resolution shall be deemed to be a memorialization of the action of the municipal agency and not to be an action of the municipal agency[.]"

reasserted the argument in their merits briefs that the BOE lacked standing under the MLUL. In addition, the Board urges us to affirm dismissal of count one of the complaint because there was no violation of the OPMA.

Having considered these arguments in light of the record and applicable legal principles, we affirm.

I.

We first consider whether the BOE has standing under the MLUL to challenge the Board's approval of Markim's development application. "Standing is . . . a threshold issue. It neither depends on nor determines the merits of a plaintiff's claim." Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 417 (1991) (citing Allen v. Wright, 468 U.S. 737, 750–51 (1984)). "Whether a party has standing to pursue a claim is a question of law subject to de novo review." Cherokee LCP Land, LLC v. City of Linden Planning Bd., 234 N.J. 403, 414 (2018) (citing People For Open Gov't v. Roberts, 397 N.J. Super. 502, 508 (App. Div. 2008)). "We therefore accord no 'special deference' to the 'trial court's interpretation of the law and the legal consequences that flow from established facts.'" Id. at 414–15 (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"A litigant has standing only if the litigant demonstrates 'a sufficient stake and real adverseness with respect to the subject matter of the litigation [and a] substantial likelihood of some harm . . . in the event of an unfavorable decision.'" Id. at 423 (alteration in original) (quoting Jen Elec., Inc. v. Cty. of Essex, 197 N.J. 627, 645 (2009)). Although we have accorded liberal standing requirements to those challenging the actions of land use boards in zoning cases, see, e.g., DePetro v. Twp. of Wayne Planning Bd., 367 N.J. Super. 161, 172 (App. Div. 2004), the MLUL contains specific requirements for standing, both before the land use board and before the court. N.J.S.A. 40:55D-4 defines an

> "[i]nterested party" . . . in the case of a civil proceeding in any court or in an administrative proceeding before a municipal agency, [as] any person, whether residing within or without the municipality, whose right to use, acquire, or enjoy property is or may be affected by any action taken under [the MLUL], or whose rights to use, acquire, or enjoy property under [the MLUL], or under any other law of this State or of the United States have been denied, violated or infringed by an action or a failure to act under [the MLUL].

"Although the language is particularly broad it should be understood in the context of the MLUL generally. Thus, the use, enjoyment or right to acquire should always be evaluated in terms of the purpose of the MLUL . . . ." William M. Cox & Stuart R. Koenig, N.J. Zoning and Land Use

Administration, § 18-2.2 at 357 (2019).  For actions under the MLUL, "standing requires that, in addition to establishing its 'right to use, acquire, or enjoy property,' a party must establish that that right 'is or may be affected.'" Cherokee LCP Land, 234 N.J. at 416–17 (quoting N.J.S.A. 40:55D-4).

We affirm the dismissal of count two of the complaint, substantially for the reasons expressed by the trial judge.  The BOE's generalized claim of harm caused by the possibility of students being added to an already overcrowded school district is insufficient to make the BOE an "interested party," entitled to litigate its claim under the MLUL.   We acknowledge, however, that "standing must be considered on a case-by-case basis," Cherokee LCP Land, 234 N.J. at 418.  Thus, for example, the BOE would likely have standing to challenge the approval of a development application for property near one of its school buildings, because that application might adversely affect the BOE's ability to "use, acquire, or enjoy" its real property.  N.J.S.A. 40:55D-4.  This is not such a case.

## II.

"The [OPMA] makes explicit the legislative intent to ensure the public's right to be present at public meetings and to witness government in action." Kean Fed'n of Teachers v. Morell, 233 N.J. 566, 570 (2018) (citing N.J.S.A. 10:4-7).  The statute is "liberally construed in favor of openness."  Burnett v.

Gloucester Cty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 233 (App. Div. 2009); N.J.S.A. 10:4-21. "Any party, including any member of the public, may institute a proceeding in lieu of prerogative writ . . . to challenge any action taken by a public body on the grounds that such action is void for" violating the statute. N.J.S.A. 10:4-15(b).[4] We must decide whether the Board complied with the OPMA, which requires us to interpret the statute and presents a question of law, which we review de novo and without deference to the trial judge's interpretation. McGovern v. Rutgers, 211 N.J. 94, 108 (2012) (citing Real v. Radir Wheels, Inc., 198 N.J. 511, 524 (2009)).

The OPMA prohibits a public body from holding a meeting "unless adequate notice . . . has been provided to the public." N.J.S.A. 10:4-9(a) (emphasis added). The OPMA defines "meeting" as a gathering where "the [then present] members of a public body" intend "to discuss or act as a unit upon the specific public business of that body." N.J.S.A. 10:4-8(b).

---

[4] The Board has not asserted a challenge to the BOE's standing as a public body to pursue an OPMA suit. Although we need not address the issue squarely, we have, and Law Division has, considered the merits of OPMA challenges brought by one public body against another in numerous reported decisions. See, e.g., S. Harrison, Twp. Comm. v. Bd. of Chosen Freeholders of Gloucester, 210 N.J. Super. 370, 372 (App. Div. 1986); Mun. Council of Newark v. Essex Cty. Bd. of Elections, 259 N.J. Super. 211, 212–13 (Law Div. 1992); Twp. Comm. of Edgewater Park v. Edgewater Park Hous. Auth., 187 N.J. Super. 588, 591 (Law Div. 1982).

In part, the motion judge concluded that the Board did not need to provide notice of the memorializing resolution on its agenda because approving the resolution was not Board "action" under N.J.S.A. 40:55D-10(g)(2), and presumably, not subject to the notice requirements of the OPMA. To some extent, the Board reiterates this argument in its brief, noting the "pro forma" nature of the memorializing resolution. We disagree with this conclusion.

Initially, we have held that the OPMA applies to a public body's gathering, "[e]ven though the purpose of a meeting is to discuss and not to vote on public business . . . ." S. Harrison, 210 N.J. Super. at 375–76 (citing Allan-Deane Corp. v. Twp. of Bedminster, 153 N.J. Super. 114, 119 (App. Div. 1977)). More importantly, "it is the [memorializing] resolution that 'provides' the required findings of fact and conclusions[]" reached by the Board based on the evidence adduced at the earlier hearing. Scully-Bozarth Post # 1817 of Veterans of Foreign Wars of the U.S. v. Planning Bd. of Burlington, 362 N.J. Super. 296, 312 (App. Div. 2003). When a land use board's action is challenged, the trial court and we in turn review the adequacy of the factual findings and legal conclusions in the board's memorializing resolution, and we have not hesitated to set aside a board's action when the resolution was inadequate. See, e.g., Saadala v. E. Brunswick Zoning Bd. of Adjustment, 412

N.J. Super. 541, 551–52 (App. Div. 2010) (detailing the memorializing resolution's conclusory statements and other findings that lacked evidential support in the record). Lastly, pursuant to Rule 4:69-6(b)(3), a party seeking the court's review of "a determination of a planning board or board of adjustment" must commence its action in lieu of prerogative writs within forty-five days of publication of the memorializing resolution.[5]   In short, notwithstanding the language of N.J.S.A. 40:55D-10(g)(2), the Board's approval of a memorializing resolution is "action" taken at a meeting for purposes of the OPMA.

The OPMA defines "[a]dequate notice" as "written advance notice of at least [forty-eight] hours, giving the time, date, locations and, to the extent known, the agenda of any regular, special or rescheduled meeting . . . ."

---

[5]  We acknowledge some tension between the Rule and the OPMA regarding the time limit for filing a prerogative writ complaint involving the actions of a land use board.  A complaint alleging an OPMA violation must be brought within forty-five days "after the action sought to be voided has been made public[.]"  N.J.S.A. 10:4-15(a).  "Constructive notice is the standard." Jersey City v. State Dep't of Envtl. Prot., 227 N.J. Super. 5, 22 (App. Div. 1988) (citing Edgewater Park v. Edgewater Park Housing Auth., 187 N.J. Super. 588, 603 (Law Div.1982)).  In theory, a party might have constructive notice of the board's action, allegedly in violation of the OPMA, and be required to file suit before the board publishes notice of its action, which starts the forty-five-day clock for substantively challenging the board's action.  We do not face any issue regarding an untimely challenge in this case.

N.J.S.A. 10:4-8(d).[6]  An agenda, as the term is used in the OPMA, is "a list or outline of things to be considered or done."  Opderbeck v. Midland Park Bd. of Educ., 442 N.J. Super. 40, 56 (App. Div. 2015) (quoting Merriam-Webster, Full Definition of Agenda, http//www.merriam-webster.com/dictionary/agenda (last visited Aug. 9, 2015)).  However, "[w]here annual notice or revisions thereof in compliance with [N.J.S.A. 10:4-18] set forth the location of any meeting, no further notice shall be required for such meeting."  N.J.S.A. 10:4-8(d).  As the motion judge noted, the Court has held that "[p]ublication of an agenda . . . is required only in those instances where no annual notice has been provided in accordance with N.J.S.A. 10:4-18."  Witt, 94 N.J. at 433.

N.J.S.A. 10:4-18 requires every public body to annually publish "a schedule of the regular meetings of the public body to be held during the succeeding year."  In Estate of Dolente v. Borough of Pine Hill, we considered whether a statement in the annual meeting notice that listed regular and "caucus meetings[,]" and provided that a caucus meeting might become a "special meeting[]" when ordered by the mayor, was adequate notice under the OPMA.  313 N.J. Super. 410, 413–14 (App. Div. 1998).  We held,

---

[6]  Electronic notice via the internet, now permissible pursuant to N.J.S.A. 10:4-9.1, is not adequate statutory notice.  McGovern, 211 N.J. at 100-01 (citing N.J.S.A. 10:4-9.2).

[t]he annual notice, merely by mentioning the possibility of a special meeting, could not, however, obviate the necessity of the council's compliance with the forty-eight hour advance notice required under N.J.S.A. 10:4-8d with respect to the special meeting, absent the existence of a matter of public urgency and importance under N.J.S.A. 10:4-9.

[Id. at 416.]

Here, the Board's acting secretary's certification included a copy of the February 2019 published annual notice of the Board's anticipated meetings in 2019. The notice included "regular" and "special" meetings. The April 30 meeting was listed, among others and without limitation, as a special meeting. The situation is, therefore, distinguishable from Dolente. Pursuant to Witt, the Board did not violate the OPMA by failing to provide public notice of the meeting's agenda at least forty-eight-hours in advance, because the Board provided adequate notice of the April 30 meeting pursuant to N.J.S.A. 10:4-18.

Lastly, there is nothing in the record that supports a conclusion that the Board's use of an annual notice that included regular and special meetings was a subterfuge to permit it to act without adequate public notice, or that the omission of the memorializing resolution from the posted agenda "was intentional and . . . designed to deceive the public[.]" Crisafi, 156 N.J. Super. at 187.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0320-19T1