NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0197-19T3

MARCELLA SIMADIRIS,

     Plaintiff-Respondent,

v.

PATERSON PUBLIC SCHOOL
DISTRICT,

     Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **January 21, 2021**
>
> **APPELLATE DIVISION**

Argued October 14, 2020 – Decided  January 21, 2021

Before Judges Fisher, Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1674-19.

Karen A. Murray argued the cause for appellant (The Murray Law Firm, LLC, attorneys; Karen A. Murray, of counsel and on the briefs).

Alfred F. Maurice argued the cause for respondent (Springstead & Maurice, Esqs., attorneys; Alfred F. Maurice and Lauren E. McGovern, of counsel and on the brief).

Cynthia J. Jahn argued the cause for amicus curiae New Jersey School Boards Association (Cynthia J. Jahn, on the brief).

Zazzali, Fagella, Nowak, Kleinbaum & Friedman for amicus curiae New Jersey Education Association (Richard A. Friedman of counsel and on the brief; Craig A. Long, on the brief).[1]

The opinion of the court was delivered by

FISHER, P.J.A.D.

Defendant Paterson Public School District appeals a trial judge's summary determination that its decision to certify tenure charges against plaintiff Marcella Simadiris in private violated her alleged right to demand its consideration in public. The appeal pits that part of the Tenured Employees Hearing Law, N.J.S.A. 18A:6-10 to -25, which declares that a charge against a tenured employee "shall not" be discussed "at a public meeting," N.J.S.A. 18A:6-11, with that part of the Open Public Meetings Act, N.J.S.A. 10:4-6 to -21, which permits a public body to exclude the public from personnel discussions "unless all [affected employees] request in writing that the matter. be discussed at a public meeting," N.J.S.A. 10:4-12(b)(8). The district relies on a published trial court decision, Cirangle v. Maywood Board of Education, 164 N.J. Super. 595, 601-02 (Law Div. 1979), as support for its position that the

---

[1] The court invited the participation of the New Jersey Education Association after the case was orally argued. The court is appreciative of the excellent submissions of both amici, as well as the litigants.

express language of N.J.S.A. 18A:6-11 controls. Plaintiff believes Cirangle's interpretation should be rejected and, in relying on the Supreme Court's recent decision in Kean Federation of Teachers v. Morell, 233 N.J. 566 (2018), argues that these statutes should be understood as prohibiting a discussion of charges against a board of education's tenured employee in public except when the affected employee so demands. We reject plaintiff's argument and conclude that N.J.S.A. 18A:6-11 unambiguously barred the board of education from entertaining a public discussion of the tenure charges.

The relevant facts and events are uncomplicated and undisputed. Tenure charges were brought against plaintiff, and her attorney was given informal notice by email on May 20, 2019, that, at a meeting two days later, the board of education would consider whether there was probable cause for the charges in private. Counsel objected due to the lack of proper notice, but the board's counsel responded that it didn't matter because N.J.S.A. 18:6-11 mandated a closed session.

Two days after the closed session, at which the board certified the charges,[2] plaintiff filed this action, seeking a judgment declaring the board's

_____

[2] In certifying the charges, the board suspended plaintiff without pay, and referred the matter to the Commissioner of Education, who later found the charges were sufficient to

A-0197-19T3

resolution void because plaintiff had not been given sufficient notice. In ruling on the parties' applications for summary relief, the judge concluded in a written opinion that the resolution was invalid; he determined that plaintiff had not received proper notice and was, therefore, deprived of the opportunity to demand that consideration of the tenure charges take place in public.

Before us is only a question of law: does N.J.S.A. 18A:6-11, which prohibits the discussion of personnel matters involving tenured employees in public, take precedence over N.J.S.A. 10:4-12(b)(8), which grants in general affected public employees the right to demand a public hearing? In considering the parties' arguments about the interplay of these statutes, it is helpful to start with Rice v. Union County Regional High School Board of Education, 155 N.J. Super. 64 (App. Div. 1977).

In Rice, after a public session concerning budget issues, seventeen employees[3] were designated for termination at a private hearing. In considering the validity of the results of the private session, we concluded that N.J.S.A. 10:4-

---

warrant dismissal or a reduction in salary. The Commissioner then referred the matter for a tenure hearing before an arbitrator pursuant to N.J.S.A. 18A:6-16.

[3] The Rice opinion specifically mentions that this group of employees included seven untenured teachers. Id. at 69. We assume from the opinion's entirety, despite its lack of further specificity, that the other employees were also untenured.

12(b)(8) guaranteed "all employees whose rights could be adversely affected" the right to request a public hearing and, to ensure this right, we concluded that N.J.S.A. 10:4-12(b)(8) entitled affected employees to "reasonable advanced notice." Rice, 155 N.J. Super. at 73. That required notice became known in this arena as a "Rice notice," what plaintiff claims – and the district does not dispute – was lacking here.

The district claims it had no obligation to provide a Rice notice because N.J.S.A. 18A:6-11 precludes a board of education's public discussion of personnel issues involving tenured employees like plaintiff. The district invites us to follow Cirangle, a trial court decision that supports the district's argument. In similar circumstances to those presented here, the trial judge in Cirangle identified a conflict between N.J.S.A. 10:4-12(b)(8) and N.J.S.A. 18A:6-11. Because the Open Public Meetings Act imposed broad requirements for the meetings of governmental bodies, while N.J.S.A. 18A:6-11 was "specific and limited [in] scope," the Cirangle judge concluded that the latter should control when applicable. Id. at 601.

Plaintiff's entitlement to a Rice notice logically depends on whether a tenured board-of-education employee is entitled to demand a public discussion of a board's probable-cause proceedings or whether the Rice notice requirement

is irrelevant because there can never be a public discussion of such a matter. In turning to our history with these statutes and Rice, it is noteworthy, and somewhat surprising, that Cirangle has been cited only once, see Williams v. Board of Educ., Atlantic City Public Schools, 329 N.J. Super. 308, 316 (App. Div. 2000), in its forty-two years on the books and then only for a largely irrelevant reason.[4] On the other hand, Rice has been cited numerous times by this court in published[5] and unpublished decisions,[6] and twice with approval by the Supreme Court, see Kean Fed. of Teachers, 233 N.J. at 586; S. Jersey Publ'g. Co. v. N.J. Expressway Auth., 124 N.J. 478, 492 (1991). Yet, in none of those decisions citing Rice was it held that a tenured employee is entitled to a Rice notice when a board meets to consider whether to allow tenure charges to proceed. And Kean Federation, on which plaintiff so greatly relies, upheld the

---

[4] Williams cited Cirangle with approval but the context of that decision – whether a news organization had a right to tenure-charge documents regarding a superintendent of schools – is inapposite to the situation presented in this appeal.

[5] See McGee v. Twp. of E. Amwell, 416 N.J. Super. 602, 616 (App. Div. 2010); Burnett v. Gloucester Cnty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 232 (App. Div. 2009); Mountain Hill, L.L.C. v. Twp. of Middletown, 399 N.J. Super. 486, 500 (App. Div. 2008); Dunn v. Mayor & Council of Laurel Springs, 163 N.J. Super. 32, 35 (App. Div. 1978); Oliveri v. Carlstadt-East Rutherford Reg'l Bd. of Educ., 160 N.J. Super. 131, 133 (App. Div. 1978).

[6] Because of Rule 1:36-3, we do not here cite the many unpublished decisions in which we have cited and relied on Rice.

A-0197-19T3

notice requirement "created in <u>Rice</u>" but added that it "should not be stretched beyond its factual setting." 233 N.J. at 586.

Finding little guidance from these past examinations of <u>Rice</u> and <u>Cirangle</u>, finding no clarity in the arguments of the parties or the amici curiae as to the current practice in this State, and finding no legislative history to illuminate the Legislature's intent about the relationship between the Open Public Meetings Act and the current version of N.J.S.A. 18A:6-11, we ultimately conclude – with the assistance of familiar canons of statutory interpretation – that the district is correct and that a tenured employee in this specific circumstance does not have a right to a public discussion of matters falling within the scope of N.J.S.A. 18A:6-11.

In pursuing the "paramount goal" of ascertaining the legislative intent, we start with the words the Legislature used. <u>DiProspero v. Penn</u>, 183 N.J. 477, 492 (2005); <u>Bosland v. Warnock Dodge, Inc.</u>, 197 N.J. 543, 553 (2009). N.J.S.A. 18A:6-11 specifically addresses the same subject matter involved here – the practice and procedure for ascertaining whether there is probable cause for charges made against a tenured board-of-education employee – and unambiguously declares that a board of education must discuss charges against a tenured employee in private. The Open Public Meetings Act, which generally

A-0197-19T3

applies to all public bodies, provides only broad strokes and recognizes that other legislation provides exceptions to its sweeping declaration that "all meetings of public bodies shall be open to the public at all times." N.J.S.A. 10:4-12(a). In N.J.S.A. 10:4-12(b), the Legislature clearly and expressly declared that a public body "may exclude the public," N.J.S.A. 10:4-12(b), from that portion of a meeting "at which the public body discusses any . . . matter which, by express provision of federal law, State statute, or rule of court shall be rendered confidential," N.J.S.A. 10:4-12(b)(1). In short, the Open Public Meetings Act provides the general rule favoring open public meetings but not when other legislation creates an exception. One of those exceptions is N.J.S.A. 18A:6-11 and its declaration that a board of education's discussion of charges brought against a tenured employee must be held in private.

Plaintiff relies on another provision of the Open Public Meetings Act that allows a public body to exclude the public when discussing employment matters "unless all the individual employees or appointees whose rights could be adversely affected request in writing that the matter . . . be discussed at a public meeting." N.J.S.A. 10:4-12(b)(8). We find no conflict between N.J.S.A. 18A:6-11 and N.J.S.A. 10:4-12(b)(8), nor any ambiguity in their application.

A-0197-19T3

To be sure, the tenure charges in question deal with "termination of employment" or "disciplining" of a public employee, N.J.S.A. 10:4-12(b)(8), so the matter falls within the general ambit of N.J.S.A. 10:4-12(b)(8). And, in that broad sense, it might appear that plaintiff is permitted the right – as stated in N.J.S.A. 10:4-12(b)(8) – to demand that the discussion occur in public. But N.J.S.A. 10:4-12(b)(8) provides only broad strokes as to the rights of public employees. The Legislature could determine that some specific groups of public employees would be excepted from what N.J.S.A. 10:4-12(b)(8) allows. Again, that possibility was acknowledged in N.J.S.A. 10:4-12(b)(1).

And, so, there is nothing inconsistent about the structure of the Open Public Meetings Act when compared with the Legislature's later creation of a different approach for tenured board-of-education employees. In dealing with this smaller subset of public employees, the Legislature declared – without equivocation or exception – that "[t]he consideration and actions of the board as to any charge shall not take place at a public meeting," N.J.S.A. 18A:6-11 (emphasis added). Despite declaring in the Open Public Meetings Act that employment matters involving public employees be discussed in private unless otherwise demanded by the employee, this provision in the Tenured Employees

Hearing Law offered no exception to its command that the "consideration and actions" of a board "shall not" take place in public.  N.J.S.A. 18A:6-11.

Was it an accident that N.J.S.A. 18A:6-11 failed to allow tenured board-of-education employees the right to demand a public hearing when discussing whether there is probable cause for the charge?  Or did the Legislature – after enacting the Open Public Meetings Act – enact N.J.S.A. 18A:6-11, believing its reach was limited by the terms of N.J.S.A. 10:4-12(b)(8)?  We think not.  If that was the Legislature's intention in enacting this statute – nineteen days after enactment of the Open Public Meetings Act[7] – it likely would have said so.  And, while the Legislature did not provide extrinsic evidence of its intentions in enacting N.J.S.A. 18A:6-11, or how it would interact with the Open Public Meetings Act, the very language of all these provisions – none of them ambiguous – demonstrates that the Open Public Meetings Act provided only broad strokes and recognized that exceptions may be provided for elsewhere. Guided by the plain and unambiguous language of N.J.S.A. 18A:6-11, which makes no provision for a tenured employee's right to demand a public hearing,

---

[7] The timing is particularly illuminating.  While we presume the Legislature acts with knowledge of existing law, DiProspero, 183 N.J. at 494; State v. Federanko, 26 N.J. 119, 129 (1958), the Open Public Meetings Act was undoubtedly fresh in its mind when it crafted and enacted N.J.S.A. 18A:6-11.

we must assume the Legislature meant what it said when it declared that all such discussions "shall not" occur at a public meeting.

And there is nothing peculiar about the choice the Legislature made in declining to provide tenured employees with the opportunity to have a public meeting when enacting N.J.S.A. 18A:6-11. A board of education's authority to dismiss or take other disciplinary action with non-tenured employees is extensive, so the fact that non-tenured board-of-education employees may exercise the right to demand a public hearing as permitted by N.J.S.A. 10:4-12(b)(8) sensibly allows the non-tenured employee some semblance of an opportunity to persuade the employer – by compelling the discussion to occur in the open – to act in the non-tenured employee's favor; that's the only process due a non-tenured employee. But tenured board-of-education employees are situated differently; they have far greater rights in any conflict with their employers.

With tenured employees, a board of education is limited to determining "whether there is probable cause to credit the evidence in support of the charge" – which is provided by way of written statements of "position" and "evidence under oath" – and "whether such charge, if credited, is sufficient to warrant a dismissal or reduction of salary." N.J.S.A. 18A:6-11. The board must then

notify the tenured employee of its determination and, when finding probable cause, "forward such written charge to the [C]ommissioner [of Education] for a hearing" pursuant to N.J.S.A. 18A:6-16. Once forwarded, the tenured employee has the benefit of additional procedural rights and the opportunity to further present a defense. The commissioner or a designee then "shall examine the charges and certification," and the employee is permitted fifteen days, which may be extended, "to submit a written response to the charges." Ibid. The commissioner must then "render a determination on the sufficiency of charges" within ten days after submission of the employee's written response. Ibid. If it is determined that the charges "are not sufficient to warrant dismissal or reduction in salary," the commissioner "shall dismiss the same." Ibid. If determining otherwise, the commissioner must refer the case to an arbitrator, ibid., and the proceeding that occurs before the arbitrator provides the tenured employee with additional rights before a final determination is reached.

Considering a tenured board-of-education employee's extensive procedural rights and opportunities to defend against a charge, it seems clear the Legislature saw no reason to provide an additional right – that which was generally granted all other public employees in N.J.S.A. 10:4-12(b)(8) – to a public discussion at the probable-cause stage described in N.J.S.A. 18A:6-11.

A-0197-19T3

To adopt plaintiff's understanding of these statutes would require our insertion into the end of N.J.S.A. 18A:6-11 a phrase like: "except if the employee requests in writing that the discussion occur in public." To engraft an exception to a statute, which unambiguously allows for no exception, far exceeds the judiciary's role in such matters. Plastic Surgery Ctr., P.A. v. Malouf Chevrolet-Cadillac, Inc., 457 N.J. Super. 565, 574-75 (App. Div. 2019), aff'd o.b., 241 N.J. 112 (2020). That would be legislating, not interpreting. In the final analysis, we cannot presume the Legislature "intended a result different from what is indicated by the plain language or add a qualification to a statute that the Legislature chose to omit." Tumpson v. Farina, 218 N.J. 450, 467-68 (2014). Finding no ambiguities in either the Open Public Meetings Act or in N.J.S.A. 18A:6-11, we must simply "apply the law as written." State v. Hudson, 209 N.J. 513, 529 (2012).

We conclude N.J.S.A. 18A:6-11 constitutes one of the exceptions to the Open Public Meetings Act, made possible by N.J.S.A. 10:4-12(b)(1), and requires that when boards of education engage in the processes described in N.J.S.A. 18A:6-11 that its "consideration and actions . . . shall not take place at a public meeting." And, because such "consideration and actions" cannot occur in public, plaintiff was not entitled to a Rice notice.

Reversed and remanded for the entry of an order dismissing the complaint.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0197-19T3